UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 17-23799-CIV-DLG

YERID BENITO LARIOSA, SILVESTRE
PICADO, and all others similarly situated
under 29 U.S.C. 216(b),

        Plaintiffs,

vs.

C&R PALLETS CORP.,
JUANA C. ESCOTO,
ROSA C. HERNANDEZ,

        Defendants.
_____

### FIRST AMENDED COMPLAINT UNDER 29 U.S.C. 201- 216 OVERTIME WAGE VIOLATIONS AND RETALIATION/ RETALIATORY DISCHARGE UNDER 29 USC 215(A)(3)[1]

Plaintiffs, YERID BENITO LARIOSA and SILVESTRE PICADO, on behalf of themselves and all others similarly situated under 29 U.S.C. 216(b), through undersigned counsel, file this First Amended Complaint against Defendants, C&R PALLETS CORP., JUANA C. ESCOTO, and ROSA C. HERNANDEZ, and alleges:

1. This is an action arising under the Fair Labor Standards Act 29 U.S.C. §§ 201-216.

2. The Plaintiffs were a resident of Miami-Dade County, Florida at the time that this dispute arose.

3. The Defendant C&R PALLETS CORP., is a corporation company that regularly transacts

---

[1] This First Amended Complaint is being filed pursuant to Fed. R. Civ. P. 15(a)(1)(B). Per the rule, a party may amend its pleading once as a matter of course within 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b),(e), or (f), whichever is earlier, if the pleading is one which requires a responsive pleading. Fed. R. Civ. P. 15(a)(1)(B). Defendants have not filed a responsive pleading and, as such, Plaintiff amends as a matter of course.

business within Miami-Dade County. Upon information and belief, the Defendant Corporation was the FLSA employer for Plaintiffs' respective period of employment ("the relevant time period").

4. The individual Defendant and JUANA C. ESCOTO is a corporate officer and/or owner and/or manager of the Defendant Corporation who ran the day-to-day operations of the Corporate Defendant for the relevant time period and was responsible for paying Plaintiffs' wages for the relevant time period and controlled Plaintiffs' work and schedule and was therefore Plaintiffs' employer as defined by 29 U.S.C. 203 (d).

5. The individual Defendant and ROSA C. HERNANDEZ is a corporate officer and/or owner and/or manager of the Defendant Corporation who ran the day-to-day operations of the Corporate Defendant for the relevant time period and was responsible for paying Plaintiffs' wages for the relevant time period and controlled Plaintiffs' work and schedule and was therefore Plaintiffs' employer as defined by 29 U.S.C. 203 (d).

6. All acts or omissions giving rise to this dispute took place in Miami-Dade County.

### COUNT I. FEDERAL OVERTIME WAGE VIOLATION

7. This action arises under the laws of the United States. This case is brought as a collective action under 29 USC 216(b). It is believed that the Defendants have employed several other similarly situated employees like Plaintiffs who have not been paid overtime and/or minimum wages for work performed in excess of 40 hours weekly from the filing of this complaint back three years.

8. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 as this case is brought pursuant to The Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (section #216 for jurisdictional

placement).

9. 29 U.S.C. § 207 (a) (1) states, "Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

10. Plaintiff YERID BENITO LARIOSA worked for Defendants as a route delivery driver from on or about January 5, 2017 through the present and ongoing.

11. Plaintiff SILVESTRE PICADO worked for Defendants as route delivery driver from on or about April 5, 2017 through on or about October 20, 2017.

12. Defendant's business activities involve those to which the Fair Labor Standards Act applies. Both the Defendant's business and the Plaintiffs' work for the Defendants affected interstate commerce for the relevant time period. Plaintiffs' work for the Defendants affected interstate commerce for the relevant time period because the materials and goods that Plaintiffs used on a constant and/or continual basis and/or that were supplied to him by the Defendants to use on the job moved through interstate commerce prior to and/or subsequent to Plaintiffs' use of the same. The Plaintiffs' work for the Defendants was actually in and/or so closely related to the movement of commerce while he worked for the Defendants that the Fair Labor Standards Act applies to Plaintiffs' work for the Defendants.

13. Additionally, Defendants regularly employed two or more employees for the relevant time period who handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce, thus making Defendant's business an enterprise

covered under the Fair Labor Standards Act.

14. Upon information and belief, the Defendant Corporation had gross sales or business done in excess of $500,000 annually for the year 2016.

15. Upon information and belief, the Defendant Corporation's gross sales or business done is expected to exceed $375,000 for the first nine months of the year 2017 and is expected to exceed $500,000 for the year 2017.

16. Between the period of on or about January 5, 2017 through the present and ongoing, Plaintiff YERID BENITO LARIOSA worked an average of 65 hours a week for Defendants and was paid an average of $11.53 per hour but was never paid anything at all for any hours worked over 40 hours in a week as required by the Fair Labor Standards Act. Plaintiff therefore claims the time-and-a-half overtime rate for each hour worked above 40 in a week.

17. Between the period of on or about April 5, 2017 through on or about October 20, 2017, Plaintiff SILVESTRE PICADO worked an average of 65 hours a week for Defendants and was paid an average of $18.75 per hour but was never paid anything at all for any hours worked over 40 hours in a week as required by the Fair Labor Standards Act. Plaintiff therefore claims the time-and-a-half overtime rate for each hour worked above 40 in a week.

18. Defendants willfully and intentionally refused to pay Plaintiffs' overtime wages as required by the Fair Labor Standards Act as Defendants knew of the overtime requirements of the Fair Labor Standards Act and recklessly failed to investigate whether Defendants' payroll practices were in accordance with the Fair Labor Standards Act. Defendants remain owing Plaintiffs these wages since the commencement of Plaintiffs' employment with Defendants for the time period specified above.

Wherefore, the Plaintiffs request double damages and reasonable attorney fees from Defendants, jointly and severally, pursuant to the Fair Labor Standards Act as cited above, to be proven at the time of trial for all overtime wages still owing from Plaintiffs' entire employment period with Defendants or as much as allowed by the Fair Labor Standards Act along with court costs, interest, and any other relief that this Court finds reasonable under the circumstances. *The Plaintiffs request a trial by jury.*

### COUNT II: RETALIATION/RETALIATORY DISCHARGE UNDER 29 USC 215(A)(3) AGAINST DEFENDANTS, JOINTLY AND SEVERALLY, AS TO PLAINTFF SILVESTRE PICADO

COME NOW PLAINTIFFS, through Counsel, and re-adopt the factual and jurisdictional statements in paragraphs 1-18 above and further state:

19. On or about October 16, 2017, Plaintiff SILVESTRE PICADO asserted a claim for his unpaid overtime wages to the Defendants.
20. Approximately three days thereafter Plaintiff SILVESTRE PICADO was terminated by Defendants without explanation.
21. Defendants' motivating factor (as evidenced by the temporal proximity between the service of the overtime claim and the discrimination) in relation to the said termination was Plaintiff SILVESTRE PICADO's act of asserting a claim for overtime wages.
22. The said termination as discussed above, is in direct violation of 29 U.S.C. 215 (a)(3), because the motivating factor was Plaintiff SILVESTRE PICADO's demand for his legally mandated wages and, as a result, Plaintiff SILVESTRE PICADO has been damaged.

Wherefore Plaintiff SILVESTRE PICADO requests judgment against the said

Defendants, jointly and severally, attorney's fees, costs, interest, back wages and double or liquidated back wages from the date of the discharge up to and including the date of trial, promotion and injunctive relief prohibiting the Defendants from discriminating in the manner described above, damages for emotional distress, humiliation, and pain and suffering, front wages until the Plaintiff SILVESTRE PICADO reaches the age of 65 and all other damages recoverable by law.  *The Plaintiffs request a trial by jury.*

                                                           Respectfully Submitted,

                                                           J.H. Zidell, Esq.
                                                           J.H. Zidell, P.A.
                                                           Attorney For Plaintiffs
                                                           300 71st Street, Suite 605
                                                           Miami Beach, Florida 33141
                                                           Tel: (305) 865-6766
                                                           Fax: (305) 865-7167
                                                           Email: ZABOGADO@AOL.COM

                                                           By:__/s/ J.H. Zidell_____
                                                                J.H. Zidell, Esq.
                                                         Florida Bar Number: 0010121