UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

YERID BENITO LARIOSA, SILVESTRE
PICADO, and all others similarly situated           CASE NO.: 17-23799-CIV-DLG
under 29 U.S.C. 216(b),
        Plaintiffs,
v.

C&R PALLETS CORP.,
JUANA C. ESCOTO,
ROSA C. HERNANDEZ,
        Defendants.
_____/

C&R PALLETS CORP.,
A Florida Corporation
    Defendant/Counter-Plaintiff

v.

SILVESTRE PICADO,
    Plaintiff/Counter-Defendant
_____/

**DEFENDANTS
C&R PALLETS CORP, JUANA C. ESCOTO AND ROSA C. HERNANDEZ'S
ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' FIRST AMENDED
COMPLAINT UNDER 29 U.S.C. 201-216 OVERTIME WAGE VIOLATIONS AND
RETALIATION/RETALIATORY DISCHARGE UNDER 29 U.S.C. 215(A)(3) AND
DEFENDANT/COUNTER-PLAINTIFF C&R PALLETS CORP.'S COUNTERCLAIM
<u>AGAINST PLAINTIFF/COUNTER-DEFENDANT SILVESTRE PICADO</u>**

      Defendant C&R PALLETS CORP., (hereinafter "C&R"), Defendant JUANA C. ESCOTO (hereinafter "ESCOTO"), Defendant ROSA C. HERNANDEZ (hereinafter "HERNANDEZ") (collectively referred to as "Defendants"), through undersigned counsel, hereby file this Answer and Affirmative Defenses to Plaintiffs, YERID BENITO LARIOSA and SILVESTRE PICADO's (hereinafter collectively "Plaintiffs") First Amended Complaint Under 29 U.S.C. 201-216

1

Overtime Wage Violations and Retaliation/Retaliatory Discharge Under 29 U.S.C. 215(A)(3) (hereinafter Plaintiffs' "First Amended Complaint"), and states the following in support:

1. The Defendants are without knowledge as to the allegations set forth in paragraph 1 and therefore deny the allegations and demands strict proof thereof.

2. The Defendants are without knowledge as to the allegations set forth in paragraph 2 and therefore deny the allegations and demands strict proof thereof.

3. The Defendants admits the allegation set forth in paragraph 3 to the extent that it is a company that regularly transacts business in Miami-Dade County and denies the rest of the allegations set forth in the paragraph 3 and demand strict proof of all relevant time periods and that Defendant C & R is a FLSA employer.

4. The Defendants admit the allegations in paragraph 4 to the extent that Defendant ESCOTO is the President of C&R and deny all remaining allegations set forth in paragraph 4 and demands strict proof thereof.

5. The Defendants admit the allegations in paragraph 5 to the extent that Defendant HERNANDEZ is the Vice President of C&R and deny all remaining allegations set forth in paragraph 5 and demands strict proof thereof.

6. The Defendants deny the allegations set forth in paragraph 6 and demand strict proof thereof.

## Count I: Federal Overtime Wage Violation

7. The Defendants deny the allegations set forth in paragraph 7 and demand strict proof thereof.

8. The Defendants deny the allegations set forth in paragraph 8 and demand strict proof thereof.

9. The Defendants state that the statute speaks for itself and to the extent there is any allegations set forth in paragraph 9 which requires a response, the Defendants deny the allegations and demand strict proof thereof.

10. The Defendants admit the allegations set forth in paragraph 10

11. The Defendants admit the allegations set forth in paragraph 11

12. The Defendants deny the allegations set forth in paragraph 12 and demand strict proof thereof.

13. The Defendants deny the allegations set forth in paragraph 13 and demand strict proof thereof.

14. The Defendants admit the allegations set forth in paragraph 14.

15. The Defendants admit the allegations set forth in paragraph 15.

16. The Defendants deny the allegations set forth in paragraph 16 and demand strict proof thereof.

17. The Defendants deny the allegations set forth in paragraph 17 and demand strict proof thereof.

18. The Defendants deny the allegations set forth in paragraph 18 and demand strict proof thereof.

**Count II: Retaliation/Retaliatory Discharge Under 29 USC 215(A)(3)**
**Against Defendants, Jointly and Severally, as to Plaintiff Silvestre Picado**

19. The Defendants deny the allegations set forth in paragraph 19 and demand strict proof thereof.

20. The Defendants deny the allegations set forth in paragraph 20 and demand strict proof thereof.

21. The Defendants deny the allegations set forth in paragraph 21 and demand strict proof thereof.

22. The Defendants deny the allegations set forth in paragraph 22 and demand strict proof thereof.

23. The Defendants herein restate their original answers to paragraphs 1-18 for any restatement allegations of paragraphs 1-18.

24. The Defendants further herein deny any and all allegations not expressly admitted in this Answer and Affirmative Defenses and deny any and all of Plaintiffs' allegations of entitlement to the relief requested in all wherefore clauses of the Plaintiffs First Amended Complaint.

## AFFIRMATIVE DEFENSES

The Defendants herein assert the following affirmative defenses and state as follows:

25. The Defendants herein reserve the right to assert additional affirmative defenses based on including, but not limited to additional evidence discovered during the course of the proceedings, in the event of any amendment to the pleadings and/or as permitted by the Federal Rules of Civil Procedure.

## FIRST AFFIRMATIVE DEFENSE:
## UNCLEAN HANDS

26. Defendants are excused and/or discharged from any overtime owed to the Plaintiffs, as a result of Plaintiffs' knowingly false allegations made in its complaint of time worked and entitlement to such wages that the Plaintiffs knew they were not entitled to and/or on the basis that the Plaintiffs were never scheduled, required, or asked to work over 40 hours in any week during their employment with C&R, were frequently absent from their jobs and,

as such, could not have worked over 40 hours in any week and their allegations are a fraud upon this Court.

## SECOND AFFIRMATIVE DEFENSE:
## EQUITABLE ESTOPPEL

27. Plaintiffs are estopped or precluded in both law and equity, from asserting claims for unpaid hours because neither Plaintiff has worked over 40 hours in any week during their employment with C&R and do not qualify for the time-and-a-half overtime rate for any hour worked. As such, it would be inequitable for Plaintiffs to receive and Defendants to pay wages for hours not worked by the Plaintiffs.

## THIRD AFFIRMATIVE DEFENSE:
## ESTOPPEL

28. Plaintiffs should be estopped from sustaining and/or recovering any damages as a result of its own action and/or inactions, which includes, but is not limited to any claims for wages at a time-and-a-half overtime rate for any hours worked, for retaliatory termination for making claims for unpaid overtime wages, and for asserting claims for unpaid wages for hours not worked by Plaintiff.

## FOURTH AFFIRMATIVE DEFENSE:
## WAIVER

29. Plaintiffs have knowingly waived their right in part or in whole to seek damages and/or relief from this Court, either by action, inaction, by agreement, and/or by law against Defendants when they failed to report or notify C&R of any overtime hours allegedly worked or incurred for C&R.

## FIFTH AFFIRMATIVE DEFENSE:
## PROPER TERMINATION

30. Plaintiff Picado was properly terminated with an accompanying-letter that described and explained the reasons for his termination, which were related to issues not relevant to any

of the claims raised by Plaintiffs. Further, it is of importance to note that Plaintiff Picado never asserted a claim for unpaid overtime wages to Defendants, as he so-alleges was the motivating factor for his termination.

## SIXTH AFFIRMATIVE DEFENSE:
## NO MOTIVATING FACTOR

31. Plaintiff Picado falsely alleges that his claim to the Defendants for unpaid overtime wages was the motivating factor for his termination of employment from C&R. However, Plaintiff Picado never made any sort of claim to Defendants for unpaid overtime wages, and, as such, Plaintiff Picado's claim for retaliatory discharge under 29 U.S.C. 215(A)(3) cannot be sustained.

## SEVENTH AFFIRMATIVE DEFENSE:
## LACHES

32. Should this Court find that Defendants' conduct has given rise to Plaintiffs' claims, whether in part or whole, and Plaintiffs had knowledge or notice of the same, but failed to timely bring an action or take corrective action, Defendants state that they did not have knowledge or notice of Plaintiffs' damage or that it would assert certain rights and that as a result of Plaintiffs' delay, Defendants will suffer unnecessary and unjust injury and damage if relief is awarded to either Plaintiff or both Plaintiffs.

## EIGHTH AFFIRMATIVE DEFENSE:
## EMPLOYER NOT COVERED BY FLSA

33. Plaintiffs causes of actions fails because C&R is not covered by the Fair Labor & Standards Act because it does not meet the requirements established either under an enterprise coverage test that would require the company to comply with the Fair Labor & Standards Act.

## NINTH AFFIRMATIVE DEFENSE:
## ADMINISTRATIVE EXEMPTION

34. Plaintiffs qualify as exempt employees under the Fair Labor & Standards Act because the Plaintiffs maintained discretion as to how to carry out their employment responsibilities and/or otherwise false within the exemption.

## TENTH AFFIRMATIVE DEFENSE:
## ALL WAGES OWED HAVE BEEN SATISFIED-ACCORD AND SATISFACTION

35. Plaintiffs have been fully paid for all hours of work that they have performed for C&R. As such, any claims for unpaid wages have been fully satisfied by C&R through the payments that it has already made the Plaintiffs, and any existing claims for unpaid wages are without merit.

## ELEVENTH AFFIRMATIVE DEFENSE:
## SET OFF

36. Should the Court find for Plaintiff Picado, then Defendants herein request that any damages owed to Plaintiff be offset (setoff) by any amounts owed to Defendants by Plaintiff as a result of the findings of the Defendants' counterclaim against Plaintiff Picado or other claims, rights or rulings in which the Plaintiffs may be obligated to pay Defendants.

## TWELVETH AFFIRMATIVE DEFENSE:
## FAILURE TO STATE A CAUSE OF ACTION UPON WHICH RELIEF CAN BE GRANTED

37. Plaintiffs have failed to set forth a cause of action, in which any relief or remedy, whether in law or equity could be granted and/or sustained, as Defendants are within their rights

## THIRTEENTH AFFIRMATIVE DEFENSE:
## NO PERSONAL LIABILITY - *Patel v. Wargo*, 803 F.2d 632 (11th Cir. 1986)

38. To the extent that Plaintiffs have made claims against Defendants Juana C. Escoto and Rosa C. Hernandez, those claims fails and said-Defendants cannot be personally liable for

Plaintiffs because Escoto and Hernandez do not meet the criteria required to hold an officer personally liable for Plaintiffs claims under the Fair Labor & Standards Act or under 29 USC 215(A)(3).

**FOURTEENTH AFFIRMATIVE DEFENSE:**
**PERFORMANCE IN GOOD FAITH**

39. The Defendants actions and representations were done in good faith and to the best of each Defendants knowledge at the time, as such, they are not actionable and/or the Defendants are entitled to protection under a Safe Harbor provision.

**FIFTEENTH AFFIRMATIVE DEFENSE:**
**GOOD FAITH UNDER 29 U.S.C. § 260**

40. Plaintiffs' causes of actions are limited to the extent that the Defendants acted in good faith and had reasonable grounds for believing that their alleged act or omission giving rise to Plaintiffs' causes of actions was not a violation of the Fair Labor Standards Act of 1938, as amended.

**SIXTEENTH AFFIRMATIVE DEFENSE:**
**FAILURE TO MITIGATE DAMAGES**

41. Plaintiffs' causes of actions are limited to the extent that Plaintiffs had a duty to mitigate their alleged damages and failed or neglected to so.

**SEVENTEENTH AFFIRMATIVE DEFENSE:**
**FAILURE TO NOTIFY OF DISCREPANCIES**

42. Plaintiffs' causes of actions are limited to the extent that Plaintiffs failed to notify the Defendants of any unpaid overtime wages allegedly owed to Plaintiffs or any discrepancies in the wages paid to Plaintiffs.

**EIGHTEENTH AFFIRMATIVE DEFENSE:**
**FAILURE TO NOTIFY EMPLOYER OF RETALIATORY BEHAVIOR**

43. Plaintiff-Picado's causes of action for retaliatory discharge is limited to the extent that Plaintiff Picado failed to notify the Defendants of any retaliatory behavior that was allegedly carried out against him prior to filing an action based on said-behavior.

### NINETEENTH AFFIRMATIVE DEFENSE: AFTER-ACQUIRED EVIDENCE DEFENSE

44. Plaintiffs' causes of actions are limited to the extent that Plaintiffs engaged in employee-misconduct that was considered so severe that Defendants would have taken the employment action(s) that Plaintiffs' claims are based on against the Plaintiffs had they known of the misconduct.

**WHEREFORE,** the Defendants, respectfully request an order dismissing with prejudice the Plaintiffs' First Amended Complaint in its entirety and request that this Court enter an order granting Defendant's C & R's damages and all other relief requested under its Negligence claim set forth in its Counterclaim and any and all further relief this Court should deem necessary and proper.

### C&R PALLETS CORP.'S COUNTERCLAIM AGAINST PLAINTIFF/COUNTER-DEFENDANT SILVESTRE PICADO

Counter-Plaintiff, C&R Pallets Corp, a Florida corporation, files this Counterclaim against Counter-Defendant Silvestre Picado, individually, and further alleges:

45. This is a compulsory counterclaim under Rule 13(a) of the Federal Rules of Civil Procedure arising under the employment relationship that Counter-Defendant Picado has maintained with Counter-Plaintiff C&R Pallets Corp.

46. Counter-Plaintiff, is a Florida Corporation, active and in good standing whose principal place of business at all relevant times was located in Broward County, Florida.

47. Counter-Defendant Picado, upon information and belief, was a resident of Miami-Dade County, Florida at the time that this dispute arose.

48. All acts or omissions giving rise to this dispute took place in Broward County, Florida.

49. This is state law claim for Negligence.

50. The amount in controversy exceeds $10,000.00, exclusive of attorney fees and cost.

51. The subject matter of the opposing party's claim is a federal question arising under the laws of the United States. The opposing party's claim was brought as a collective action under 29 U.S.C. § 216(b).

52. This Court has jurisdiction pursuant to 28 U.S.C. § 1367(a) as this case is a compulsory counterclaim under Rule 13(a) of the Federal Rules of Civil Procedure, and the Counter-Plaintiff's claims are so related to the Counter-Defendant's claims in action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

53. As such, this Court has jurisdiction to hear the Counter-Plaintiff's state law claims of Negligence.

## **GENERAL ALLEGATIONS OF FACT AND LAW**

54. Counter-Defendant Picado is an individual who has worked for Counter-Plaintiff as a delivery driver from on or about April 5, 2017, through on or about October 20, 2017.

55. As part of the Counter-Defendant Picado employment duties, he was required to deliver pallets to the Counter Plaintiff's clients.

56. In furtherance of Counter-Defendant Picado's duties, Counter Plaintiff provided him with a delivery truck in which to complete his duties and it was Counter Defendant's duty to operate the truck in a reasonable manor and to obey all local and state safety and traffic regulations.

57. On October 12, 2017, Counter-Defendant breached this duty when he when he negligently operated the delivery truck and crashed into a fence, therein causing significant property damages to the fence and the Counter Plaintiff's truck.

58. As a direct and proximate result of the Counter-Defendant's negligence and the accident he-so caused, Counter-Plaintiff suffered damage, including but not limited to the cost of repairing the delivery truck to the state-of-operation it was in prior thereto, the cost of using a replacement delivery truck to make the deliveries that it otherwise would have done using the damaged delivery truck, and the loss of revenue and profits attributable to not being able to use its damaged delivery truck.

## **COUNT I: NEGLIGENCE**

59. Counter-Plaintiff re-alleges and adopts by reference Paragraphs 45 through 58 and further alleges:

60. A Florida state law claim for negligence comprises of four elements:

    > (1) A duty, or obligation, recognized by law, requiring the [defendant] to conform to a certain standard of conduct, for the protection of other against unreasonable risks; (2) a failure on the [defendant's] part to conform to the standard required: a breach of the duty; (3) a reasonably close causal connection between the conduct and the resulting injury. This is what is commonly known as "legal cause," or "proximate cause," and which includes the notion of cause in fact. (4) Actual loss or damage."

    *Trinidad and Togabo Unit Trust Corp. v. CB Richard Ellis, Inc.*, 280 F.R.D. 676, 678 (S.D. Fla. 2012) citing to *Clay Elec. Coop., Inc. v. Johnson*, 873 So.2d 1182, 1185 (Fla. 2003).

61. As part of the Counter-Defendant Picado employment duties, he was required to deliver pallets to the Counter Plaintiff's clients.

62. In furtherance of Counter-Defendant Picado's employment duties, Counter Plaintiff provided him with a delivery truck in which to complete his duties.

63. Counter Defendant owed Counter-Plaintiff a duty to operate the truck in a reasonable manner and to obey all local and state safety and traffic regulations.

64. Counter-Defendant Picado was in exclusive control of the delivery truck on October 12, 2017.

65. On October 12, 2017, Counter-Defendant Picado breached the duty he owed to Counter-Plaintiff when he negligently operated the delivery truck and crashed into a parked delivery truck also owned by Counter-Plaintiff, therein causing significant property damages to both the delivery truck operated by Counter-Defendant and the Counter Plaintiff's parked delivery truck.

66. As a proximate result of the negligent operation of the delivery truck driven by Counter-Defendant Picado, Counter-Plaintiff's property was severely damaged and became inoperable.

67. As a direct and proximate result of the Counter-Defendant's negligence and the accident he-so caused, Counter-Plaintiff suffered damage.

68. Counter-Plaintiff's damage as a proximate result of Counter-Defendant's negligence and the accident he-so caused included the cost of repairing the delivery truck to the state-of-operation it was in prior thereto, the cost of using a replacement delivery truck to make the deliveries that it otherwise would have done using the damaged delivery truck, and the loss of revenue and profits attributable to not being able to use its damaged delivery truck.

69. Counter-Plaintiff has incurred attorney's fees and costs in having to bring this action against the Counter-Defendant Picado and has suffered a significant amount of damages as a result of Counter-Defendant's actions, as described herein.

WHEREFORE, Counter-Plaintiff respectfully demands a jury trial and requests the Court to enter judgment awarding damages to Counter-Plaintiff against Counter-Defendant Picado for

Negligence, as applicable and to the full extent permitted by law, for an amount to be determined at trial and of compensatory and any and all other damages which may be permitted, award of attorney's fees, interest, and costs, to be paid by the Counter-Defendant; Counter-Plaintiff reserves the right to move to amend for punitive damages at a later time, and for any and all other relief, including but not limited to additional remedies, attorney's fees, costs, sanctions, or special damage awards that are permitted under Florida law, case law, or any statute which may be applicable to the facts of this case and for such further and other relief as this Court deems just and proper.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served upon all CM/ECF recipients via E-Filing on this 28th day of November, 2017.

                                              **THE CAMPBELL LAW GROUP, P.A.**
                                              Attorneys for Defendants
                                              2000 Ponce De Leon Blvd., Sixth Floor
                                              Coral Gables, Florida 33134
                                              T: (305) 328-9506
                                              F: (305) 675-3973
                                              By: /s/ Regina M. Campbell
                                              Regina M. Campbell, Esq.
                                              Florida Bar No. 74842
                                              Nicholas G. Neville, Esq.
                                              Florida Bar No. 123893
                                              service@thecampbelllawgroup.com

Service List:
Adam Berman, Esq.
Jamie H. Zidell, Esq.
David Kelly, Esq.