UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. 17-23799-CIV-GRAHAM

YERID BENITO LARIOSA,
SILVESTRE PICADO, and all
Others similarly situated
under 29 U.S.C. 216(b),

    Plaintiffs,

vs.

C & R PALLETS CORP., JUANA C.
ESCOTO, and ROSA C. HERNANDEZ,

    Defendants.
_____/

## ORDER

**THIS CAUSE** came before the Court on Plaintiff's Motion to Dismiss Counterclaim (D.E. 22), Defendant/Counter-Plaintiff C & R Pallets Corp's Response to Plaintiff's Motion to Dismiss Counterclaim (D.E. 28), and Plaintiff's Reply (D.E. 29).

**THE COURT** has considered the motion and is otherwise fully advised in the premises. For the reasons stated herein, Plaintiff's Motion is granted.

**I.  BACKGROUND**

On November 10, 2017, Plaintiffs filed their First Amended Complaint alleging two causes of action against Defendants pursuant to the Fair Labor Standards Act ("FLSA") for non-payment of overtime wages in violation of the 29 U.S.C. § 201-216 and retaliation/retaliatory discharge under 29 U.S.C. § 215(A)(3) as to

Plaintiff Picado. (D.E. 16). On November 28, 2017, Defendant C & R Pallets Corp ("C & R") filed its Answer and Affirmative Defenses to the Amended Complaint, and raised a counterclaim against Picado alleging damages suffered from Picado's negligence in the workplace (D.E. 20). On November 29, 2017, Picado filed a Motion to Dismiss C & R's counterclaim (D.E. 22), asserting that the counterclaim does not arise out of a common nucleus of operative facts with Picado's FLSA claims and that C & R's state claim raises issues that would predominate over Picado's FLSA claims. Picado also argues that the counterclaim is permissive, rather than compulsory, as support for his Motion to Dismiss (D.E. 22).

In response, Defendant C & R asserts that this Court has supplemental jurisdiction over C & R's counterclaim under 28 U.S.C. § 1367(a), as C & R's counterclaim arises from the same common nucleus of operative facts supporting Picado's causes of actions. C & R requests that this Court deny Picado's Motion to Dismiss (D.E. 22), or, in the alternative, grant C & R leave of Court to amend its counterclaim in conformity with this Court's Order. (D.E. 28).

## II.  LEGAL STANDARD

Under 28 U.S.C. § 1367(a), when a federal district court has original jurisdiction in any civil action, the court "shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the

United States Constitution." 28 U.S.C. § 1367(a). The "case or controversy" requirement under 28 U.S.C. § 1367(a) confers supplemental jurisdiction over all state "claims which arise out of a common nucleus of operative fact with a substantial federal claim." Lucero v. Trosch, 121 F.3d 591, 597 (11th Cir. 1997). In analyzing supplemental jurisdiction issues, the Eleventh Circuit in particular has looked to whether the state claims "involve the same witnesses, presentation of the same evidence, and determination of the same, or very similar, facts" as the federal claims. Palmer v. Hosp. Auth. of Randolph Cnty., 22 F.3d 1559, 1563-64 (11th Cir.1994); Hudson v. Delta Air Lines, Inc., 90 F.3d 451, 455 (11th Cir. 1996).

### III. DISCUSSION

Picado argues that the Court does not have supplemental jurisdiction over C & R's state law tort counterclaim because it does not "arise out of a common nucleus of operative fact" with his FLSA overtime or retaliation claim. (D.E. 22). Picado also asserts that the state counterclaim substantially predominates over the federal claim or claims pursuant to which the district court has original jurisdiction. Id.

In response, C & R contends that the counterclaim is based on the same common nucleus of operative facts as the federal claims, "namely Picado's performance of his employment duties and as a potential motivating factor in the termination of Picado's

employment." (D.E. 28). Further, C & R argues that its negligence counterclaim is not considered a novel or complex issue of state law; nor are the federal claims predominated by the counterclaim for property damage. Id. Finally, C & R asserts that because its counterclaim is compulsory, it must be pled in this action. Id.

Since C & R's counterclaim does not arise under federal question or diversity jurisdiction, the Court's exercise of jurisdiction depends on whether the counterclaim is "part of the same case or controversy" as required for supplemental jurisdiction. 28 U.S.C. § 1367(a). A claim is part of the same case or controversy, if it "derives from a common nucleus of operative fact." Upper Chattahoochee Riverkeeper Fund, Inc. v. City of Atlanta, 701 F.3d 669, 679 (11th Cir. 2012) (quoting United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 725, 86 S. Ct. 1130, 16 L.Ed.2d 218 (1966)).

Additionally, there are two kinds of counterclaims: compulsory counterclaims and permissive counterclaims. See Fed. R. Civ. P. 13. A compulsory counterclaim is one which "arises out of the transaction or occurrence that is the subject matter of the opposing party's claim; and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction." Id. at 13(a). A permissive counterclaim is one which does not arise out of the same transaction or occurrence. Id. at 13(b). Generally, a compulsory counterclaim falls within the

4

ancillary jurisdiction of the federal courts even if it would ordinarily be a matter for state court consideration. Plant v. Blazer Financial Services, Inc. of Georgia, 598 F.2d 1357, 1359 (5th Cir. 1979)[1] (citations omitted). To determine whether a counterclaim is compulsory or permissive, courts in the Eleventh Circuit apply the "logical relationship" test. See Republic Health Corp. v. Lifemark Hosps. of Fla., 755 F.2d 1453, 1455 (11th Cir. 1985). "Under this test, there is a logical relationship when the same operative facts serve as the basis of both claims or the aggregate core of facts upon which the claim rests activates additional legal rights, otherwise dormant, in the defendant." Id. (quotation omitted). With respect to an action under FLSA, "[t]he Eleventh Circuit is 'hesitant to allow employers to assert state-law counterclaims against employees.'" Perez v. Elite Imaging, LLC, 2017 WL 666108, at *2 (S.D. Fla. Feb. 17, 2017) (quoting Pioch v. IBEX Eng'g Servs., Inc., 825 F.3d 1264, 1273 (11th Cir. 2016). Therefore, the Court will only exercise supplemental jurisdiction over a state-law counterclaim where it relates to the elements of a plaintiff's FLSA claim. Id.

Here, Picado has sued C & R under the FLSA, claiming that he was not paid overtime wages during his employment with C & R. (D.E. 16). Also, in his Amended Complaint Picado alleges that C & R terminated his employment in retaliation for asserting his claim

---

[1] The Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit issued prior to October

for overtime wages. Id.

C & R's counterclaim, alleges that as a result of Picado's negligent operation of a delivery truck C & R's suffered significant property damage. (D.E. 20). C & R argues that "a motivating factor for Picado's termination may have been the damage caused to C & R, as a result of his negligence, which is the basis of C & R's counterclaim and a defense to Picado's retaliatory discharge claim." Id.

A review of the pleadings reveals that C & R's claim for negligence arising out of the alleged facts before the Court necessarily involves different and separate factual matters than Plaintiff's original FLSA claims. The evidence and testimony needed to prove the FLSA claims would likely differ from the evidence needed to prove the negligence counterclaim. Indeed, the counterclaim expressly alleges a Florida state law claim for negligence and does not refer to Picado's employment termination in any manner. See Answer and Affirmative Defenses and Counterclaim (D.E. 20). Thus, the claims are not within the scope of the same case or controversy nor are the claims logically related as would be required for the Court to find supplemental jurisdiction over the counterclaim. The Court also notes that the state law counterclaim does not arise under federal law, there is no allegation of complete diversity of citizenship or a sufficient

---

1, 1981. Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981).

amount in controversy and, despite arguing that "the counterclaim is compulsory," see Defendants' Response (D.E. 28, at p 7), C & R asserts no independent basis for original federal jurisdiction. Consequently, as the claims are wholly unrelated, there is an insufficient basis for supplemental jurisdiction over C & R's counterclaim and it must be dismissed.

### IV. CONCLUSION

Accordingly, it is hereby

**ORDERED AND ADJUDGED** that Plaintiff Picado's Motion to Dismiss Counterclaim (D.E. 22) is **GRANTED**. C & R's Counterclaim is **DISMISSED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 4th day of January, 2018.

_____
DONALD L. GRAHAM
UNITED STATES DISTRICT JUDGE

cc:   All Counsel of Record