UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 17-23799-CIV-DLG

YERID BENITO LARIOSA, SILVESTRE )
PICADO, and all others similarly situated )
under 29 U.S.C. 216(b), )

      Plaintiffs,

vs.

C&R PALLETS CORP.,
JUANA C. ESCOTO,
ROSA C. HERNANDEZ,

      Defendants.

_____

**SECOND AMENDED COMPLAINT UNDER 29 U.S.C. 201- 216 OVERTIME WAGE VIOLATIONS AND RETALIATION/ RETALIATORY DISCHARGE UNDER 29 USC 215(A)(3)**

Plaintiffs, YERID BENITO LARIOSA and SILVESTRE PICADO, on behalf of themselves and all others similarly situated under 29 U.S.C. 216(b), through undersigned counsel, file this Second Amended Complaint against Defendants, C&R PALLETS CORP., JUANA C. ESCOTO, and ROSA C. HERNANDEZ, and allege:

1. This is an action arising under the Fair Labor Standards Act 29 U.S.C. §§ 201-216.

2. The Plaintiffs were residents of Miami-Dade County, Florida at the time that this dispute arose.

3. The Defendant C&R PALLETS CORP., is a corporation company that regularly transacts business within Miami-Dade County. Upon information and belief, the Defendant Corporation was the FLSA employer for Plaintiffs' respective periods of employment ("the relevant time period").

**1** of **11**

4. The individual Defendant and JUANA C. ESCOTO is a corporate officer and/or owner and/or manager of the Defendant Corporation who ran the day-to-day operations of the Corporate Defendant for the relevant time period and was responsible for paying Plaintiffs' wages for the relevant time period and controlled Plaintiffs' work and schedule and was therefore Plaintiffs' employer as defined by 29 U.S.C. 203 (d).

5. The individual Defendant and ROSA C. HERNANDEZ is a corporate officer and/or owner and/or manager of the Defendant Corporation who ran the day-to-day operations of the Corporate Defendant for the relevant time period and was responsible for paying Plaintiffs' wages for the relevant time period and controlled Plaintiffs' work and schedule and was therefore Plaintiffs' employer as defined by 29 U.S.C. 203 (d).

6. All acts or omissions giving rise to this dispute took place in Miami-Dade County.

## COUNT I. FEDERAL OVERTIME WAGE VIOLATION

7. This action arises under the laws of the United States. This case is brought as a collective action under 29 USC 216(b). It is believed that the Defendants have employed several other similarly situated employees like Plaintiffs who have not been paid overtime and/or minimum wages for work performed in excess of 40 hours weekly from the filing of this complaint back three years.

8. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 as this case is brought pursuant to The Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (section #216 for jurisdictional placement).

9. 29 U.S.C. § 207 (a) (1) states, "Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or

in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

10. Plaintiff YERID BENITO LARIOSA worked for Defendants as a route delivery driver from on or about January 5, 2017 until he was terminated pursuant to a letter titled "Termination of Employment" dated December 15, 2017.

11. Plaintiff SILVESTRE PICADO worked for Defendants as route delivery driver from on or about April 5, 2017 through on or about October 20, 2017. Plaintiff SILVESTRE PICADO was also terminated by Defendants.

12. Defendant's business activities involve those to which the Fair Labor Standards Act applies. Both the Defendant's business and the Plaintiffs' work for the Defendants affected interstate commerce for the relevant time period. Plaintiffs' work for the Defendants affected interstate commerce for the relevant time period because the materials and goods that Plaintiffs used on a constant and/or continual basis and/or that were supplied to him by the Defendants to use on the job moved through interstate commerce prior to and/or subsequent to Plaintiffs' use of the same. The Plaintiffs' work for the Defendants was actually in and/or so closely related to the movement of commerce while he worked for the Defendants that the Fair Labor Standards Act applies to Plaintiffs' work for the Defendants.

13. Additionally, Defendants regularly employed two or more employees for the relevant time period who handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce, thus making Defendant's business an enterprise covered under the Fair Labor Standards Act.

14. Upon information and belief, the Defendant Corporation had gross sales or business done in

excess of $500,000 annually for the year 2016.

15. Upon information and belief, the Defendant Corporation's gross sales or business done is expected to exceed $375,000 for the first nine months of the year 2017 and is expected to exceed $500,000 for the year 2017.

16. Between the period of on or about January 5, 2017 through approximately October 17, 2017 (or several days prior)[1], Plaintiff YERID BENITO LARIOSA worked an average of 65 hours a week for Defendants and was paid an average of $18.75 per hour but was never paid anything at all for any hours worked over 40 hours in a week as required by the Fair Labor Standards Act. Plaintiff therefore claims the time-and-a-half overtime rate for each hour worked above 40 in a week.

17. Between the period of on or about April 5, 2017 through on or about October 20, 2017, Plaintiff SILVESTRE PICADO worked an average of 65 hours a week for Defendants and was paid an average of $18.75 per hour but was never paid anything at all for any hours worked over 40 hours in a week as required by the Fair Labor Standards Act. Plaintiff therefore claims the time-and-a-half overtime rate for each hour worked above 40 in a week.

18. Defendants willfully and intentionally refused to pay Plaintiffs' overtime wages as required by the Fair Labor Standards Act as Defendants knew of the overtime requirements of the Fair Labor Standards Act and recklessly failed to investigate whether Defendants' payroll practices were in accordance with the Fair Labor Standards Act. Defendants remain owing Plaintiffs these wages since the commencement of Plaintiffs' employment with Defendants for the time period specified above.

---

[1]Counsel for Plaintiff intends to conduct discovery (including with respect to any time records that exist) to deduce the exact date such hours were worked, as shortly around the time the initial complaint was filed, Defendants cut Plaintiff's hours as part of their acts of retaliatory discrimination as described herein.

Wherefore, the Plaintiffs request double damages and reasonable attorney fees from Defendants, jointly and severally, pursuant to the Fair Labor Standards Act as cited above, to be proven at the time of trial for all overtime wages still owing from Plaintiffs' entire employment period with Defendants or as much as allowed by the Fair Labor Standards Act along with court costs, interest, and any other relief that this Court finds reasonable under the circumstances. *The Plaintiffs request a trial by jury.*

### COUNT II: RETALIATION/RETALIATORY DISCHARGE UNDER 29 USC 215(A)(3) AGAINST DEFENDANTS, JOINTLY AND SEVERALLY, AS TO PLAINTFF SILVESTRE PICADO

COMES NOW PLAINTIFF, through Counsel, and re-adopt the factual and jurisdictional statements in paragraphs 1-18 above, and also incorporates paragraphs 23-32 below which evidence Defendants' retaliatory treatment of their employees, and further states:

19. On or about October 16, 2017, Plaintiff SILVESTRE PICADO asserted a claim for his unpaid overtime wages to the Defendants.

20. Approximately three days thereafter Plaintiff SILVESTRE PICADO was terminated by Defendants without explanation.

21. Defendants' motivating factor (as evidenced by the temporal proximity between the assertion of the overtime claim and the discrimination) in relation to the said termination was Plaintiff SILVESTRE PICADO's act of asserting a claim for overtime wages.

22. The said termination as discussed above, is in direct violation of 29 U.S.C. 215 (a)(3), because the motivating factor was Plaintiff SILVESTRE PICADO's demand for his legally mandated wages and, as a result, Plaintiff SILVESTRE PICADO has been damaged. Plaintiff hereby alleges that he engaged in activity protected under the act, suffered adverse

action by the employer, there is a causal connection that exists between the employee's activity and the adverse action, and Plaintiff has been damaged.

Wherefore Plaintiff SILVESTRE PICADO requests judgment against the said Defendants, jointly and severally, attorney's fees, costs, interest, back wages and double or liquidated back wages from the date of the discharge up to and including the date of trial, promotion and injunctive relief prohibiting the Defendants from discriminating in the manner described above, damages for emotional distress, humiliation, and pain and suffering, front wages until the Plaintiff SILVESTRE PICADO reaches the age of 65 and all other damages recoverable by law. *The Plaintiff requests a trial by jury.*

## COUNT III: RETALIATION/RETALIATORY DISCHARGE UNDER 29 USC 215(A)(3) AGAINST DEFENDANTS, JOINTLY AND SEVERALLY, AS TO PLAINTFF YERID BENITO LARIOSA

COMES NOW PLAINTIFF, through Counsel, and re-adopt the factual and jurisdictional statements in paragraphs 1-18 above, and also paragraphs 19-22 above which evidence Defendants' retaliatory treatment of their employees, and further states:

23. Plaintiff YERID BENITO first complained to Supervisor Pedro Ruiz during the second week of October 2017, regarding the excessive hours he was working and that he was not being paid overtime. Plaintiff requested that he be paid for his overtime hours. Pedro stated that he would speak to Marlon Hernandez (believed to be the husband of Defendant Rosa C. Hernandez and who previously identified himself as one of the owners of the corporate Defendant), and Pedro threatened to replace Plaintiff YERID BENITO with a different driver. The next day, after Plaintiff YERID BENITO complained, Pedro told him that he needed to use a punch card machine, which he used. At that time, Defendants reduced Plaintiff from a salary employee to an hourly employee, and significantly reduced his hours

to less than (40) hours.  The reduction in hours was so drastic, that formerly (before complaining) Plaintiff would normally work up to (14) hours in a day, but was reduced to as little as (5) hours per day.  The said threat of replacement along with the unjustified drastic reduction of hours amounted to retaliatory discrimination, which was done to punish Plaintiff because he demanded his overtime hours.

24. Approximately (1) week later after Plaintiff's YERID BENITO LARIOSA's reduction in hours, and after he filed the lawsuit on 10/17/17, (2) other drivers (Plaintiff Picado and Javier (last name unknown)), approached Plaintiff, and Plaintiff Picado stated that Marlon Hernandez said in Spanish that Plaintiff YERID BENITO LARIOSA was a "malagradecido perro" (ungrateful dog), that Marlon wanted to fire Plaintiff Lariosa, and Javier told Plaintiff Lariosa that Marlon made similar comments due to the overtime lawsuit.  Plaintiff Picado and Javier also told Plaintiff Lariosa, that Marlon was criticizing Plaintiff Lariosa's job performance (driving).  However, prior to Plaintiff Lariosa's complaints about his overtime wages, neither Marlon, Defendants nor their representative attempted to humiliate Plaintiff Lariosa in such a manner in front of other employees.  That same day Pedro Ruiz told Plaintiff Lariosa that Marlon wanted to know when Plaintiff Lariosa was leaving the company.

25. Approximately (1) week later, Plaintiff Lariosa was told by Pedro Ruiz, that Rosa C. Hernandez (the Defendant) wanted to speak to Plaintiff Lariosa.  That same day Plaintiff met with Rosa, and she told him that he needed to punch the time cards, but that Defendants would ensure he would be making a similar amount as when he was previously receiving a weekly salary.  However, such was not true, and Plaintiff continued to receive a reduced hourly schedule at an hourly rate.  Rosa stated also that Plaintiff's start time would change

from 5:30am to 7:00am, which cut Plaintiff's hours.  However, after (2) days of starting at 7:00am, Pedro Ruiz texted Plaintiff to come in at 5:30am.  Prior to the overtime complaints and the lawsuit, Plaintiff's schedule did not change in such manner.  Plaintiff Lariosa believes that the Defendants, through their supervisory agents and owners, were intentionally making Plaintiff Lariosa's workplace difficult and unpredictable.

26. Also, on (2) occasions after the lawsuit was filed, the truck was allegedly broken, and the Defendants did not contact Plaintiff Lariosa (as they normally would prior to the lawsuit when the truck was not functioning) but rather let Plaintiff Lariosa show up to work and then sent him home.  Another example of Defendants' efforts to make Plaintiff Lariosa life difficult included that his time card was missing on approximately (5) occasions.  This caused Plaintiff Lariosa to be unable to give proof of his timeliness, and he had to take a photo of the time clock, call and send a text message to Pedro.  Pedro would claim he did not know why the card was missing, and then the following day after Plaintiff Lariosa complained, the card would be returned to the time card station.  To Plaintiff Lariosa's knowledge nobody else's card would be missing.

27. Also, after the lawsuit was filed, Marlon and Pedro would avoid directly communicating with Plaintiff Lariosa regarding his delivery routes (which never occurred in the past).  For example they would send other employees (who would not normally be responsible for conveying such information) to give information such as the locations of the deliveries.  Such would cause Plaintiff Lariosa unnecessary delays in performance of his job, and caused him unnecessary difficulties.

28. Also after the lawsuit was filed, it was clear to Plaintiff that Marlon and Pedro were both making efforts to cause Plaintiff Lariosa to make mistakes regarding the deliveries.  For

example, on 11/29/17 at approximately 7:36pm, Pedro sent Plaintiff a text message with the wrong address for his first delivery to be made on the following morning; in the morning upon Plaintiff Lariosa's request for clarification (due to confusion regarding the location) Pedro gave Plaintiff Lariosa another wrong address that morning, which caused further confusion and difficulties.  Similar mistakes would occur on approximately a weekly basis after the lawsuit was filed, and as stated Marlon and Pedro would no longer directly communicate with Plaintiff Lariosa regularly, which caused further difficulty regarding his job performance.

29. Under the circumstances, and in light of all of aforesaid, Defendants through their supervisory agents and owners were making Plaintiff's employment unnecessarily difficult and were searching for a reason to fire Plaintiff due to his overtime lawsuit.  As stated, Plaintiff's position was also threatened after he complained, and thereafter supervisory personnel made efforts to humiliate Plaintiff in front of other workers. Plaintiff Lariosa was given a Termination of Employment Letter dated 12/15/17, and it is his position that he suffered a retaliatory discharge.

30. All of the aforesaid amounted to both retaliatory discrimination and retaliatory discharge, in violation of 29 U.S.C. 215(a)(3) of the FLSA.

31. Defendants' motivating factor (as evidenced by the temporal proximity between his initial complaint to the supervisor and also the filing of the initial complaint, and the retaliatory discrimination) was Plaintiff YERID BENITO LARIOSA's act of asserting a claim for overtime wages.  As set forth above, Plaintiff filed his lawsuit on 10/17/17, which was shortly after he complained to the supervisor.  Moreover the said ongoing and pervasively abusive work environment subjected Plaintiff to retaliatory discrimination, and such made his

job increasingly and unnecessarily difficult. Defendants ongoing violations of 29 U.S.C. 215 (a)(3) culminated into Plaintiff Lariosa's eventual pretextual termination.

32. The said discrimination and also the termination as discussed above, are in direct violation of 29 U.S.C. 215 (a)(3), because the motivating factor was Plaintiff YERID BENITO LARIOSA's demand for his legally mandated wages and, as a result, Plaintiff YERID BENITO LARIOSA has been damaged. Plaintiff hereby alleges that he engaged in activity protected under the Act, suffered adverse action by the employer, there is a causal connection that exists between the employee's activity and the adverse action, and Plaintiff has been damaged.

Wherefore Plaintiff YERID BENITO LARIOSA requests judgment against the said Defendants, jointly and severally, attorney's fees, costs, interest, back wages and double or liquidated back wages from the date of the discharge up to and including the date of trial, promotion and injunctive relief prohibiting the Defendants from discriminating in the manner described above, damages for emotional distress, humiliation, and pain and suffering, front wages until the Plaintiff YERID BENITO LARIOSA reaches the age of 65 and all other damages recoverable by law. *The Plaintiff requests a trial by jury.*

**Respectfully submitted,**

**K. DAVID KELLY, ESQ.**
**J.H. ZIDELL, P.A.**
**ATTORNEY FOR PLAINTIFF**
**300 71ST STREET, #605**
**MIAMI BEACH, FLA. 33141**
**PH: 305-865-6766**
**FAX: 305-865-7167**
**EMAIL: DAVID.KELLY38@ROCKETMAIL.COM**
**F.B.N. 0123870**
**BY:__/s/_____K. David Kelly_____**
**K. DAVID KELLY, ESQ.**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT A TRUE AND CORRECT COPY OF THE FOREGOING WAS SENT VIA CM/ECF ON 12/20/17 TO:

ALL LISTED CM/ECF RECIPIENTS

**THE CAMPBELL LAW GROUP, P.A.**
**ATTORNEYS FOR DEFENDANTS**
**2000 PONCE DE LEON BLVD., SIXTH FLOOR**
**CORAL GABLES, FLORIDA 33134**

BY:__/s/____K. David Kelly_____
K. DAVID KELLY, ESQ.