UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

YERID BENITO LARIOSA, SILVESTRE
PICADO, and all others similarly situated          CASE NO.: 17-23799-CIV-DLG
under 29 U.S.C. 216(b),
        Plaintiffs,
v.

C&R PALLETS CORP.,
JUANA C. ESCOTO,
ROSA C. HERNANDEZ,
        Defendants.
_____/

**DEFENDANTS, C&R PALLETS CORP, JUANA C. ESCOTO AND
ROSA C. HERNANDEZ'S ANSWER AND AFFIRMATIVE
DEFENSES TO PLAINTIFFS' SECOND AMENDED COMPLAINT
UNDER 29 U.S.C. 201-216 OVERTIME WAGE VIOLATIONS
AND RETALIATION/RETALIATORY DISCHARGE UNDER 29 U.S.C. 215(A)(3)**

    Defendant C&R PALLETS CORP., (hereinafter "C&R"), Defendant JUANA C. ESCOTO (hereinafter "ESCOTO"), Defendant ROSA C. HERNANDEZ (hereinafter "HERNANDEZ") (collectively referred to as "Defendants"), through undersigned counsel, hereby file this Answer and Affirmative Defenses to Plaintiffs, YERID BENITO LARIOSA and SILVESTRE PICADO's (hereinafter collectively "Plaintiffs") Second Amended Complaint Under 29 U.S.C. 201-216 Overtime Wage Violations and Retaliation/Retaliatory Discharge Under 29 U.S.C. 215(A)(3) (DE #34, hereinafter Plaintiffs' "Second Amended Complaint"), and states the following in support:

1. The Defendants are without knowledge as to the allegations set forth in paragraph 1 and therefore deny the allegations and demands strict proof thereof.

2. The Defendants are without knowledge as to the allegations set forth in paragraph 2 and therefore deny the allegations and demands strict proof thereof.

1

3. The Defendants admits the allegation set forth in paragraph 3 to the extent that it is a company that regularly transacts business in Miami-Dade County and denies the rest of the allegations set forth in the paragraph 3 and demand strict proof of all relevant time periods and that Defendant C & R is a FLSA employer.

4. The Defendants admit the allegations in paragraph 4 to the extent that Defendant ESCOTO is an owner and the President of C&R and deny all remaining allegations set forth in paragraph 4 and demands strict proof thereof.

5. The Defendants admit the allegations in paragraph 5 to the extent that Defendant HERNANDEZ is an owner and the Vice President of C&R and deny all remaining allegations set forth in paragraph 5 and demands strict proof thereof.

6. The Defendants deny the allegations set forth in paragraph 6 and demand strict proof thereof.

## Count I: Federal Overtime Wage Violation

7. The Defendants deny the allegations set forth in paragraph 7 and demand strict proof thereof.

8. The Defendants deny the allegations set forth in paragraph 8 and demand strict proof thereof.

9. The Defendants state that the statute speaks for itself and to the extent there is any allegations set forth in paragraph 9 which requires a response, the Defendants deny the allegations and demand strict proof thereof.

10. The Defendants admit the allegations set forth in paragraph 10.

11. The Defendants admit the allegations set forth in paragraph 11.

12. The Defendants deny the allegations set forth in paragraph 12 and demand strict proof thereof.

13. The Defendants deny the allegations set forth in paragraph 13 and demand strict proof thereof.

14. The Defendants admit the allegations set forth in paragraph 14.

15. The Defendants admit the allegations set forth in paragraph 15.

16. The Defendants deny the allegations set forth in paragraph 16 and demand strict proof thereof.

17. The Defendants deny the allegations set forth in paragraph 17 and demand strict proof thereof.

18. The Defendants deny the allegations set forth in paragraph 18 and demand strict proof thereof.

**Count II: Retaliation/Retaliatory Discharge Under 29 USC 215(A)(3)**
**Against Defendants, Jointly and Severally, as to Plaintiff Silvestre Picado**

19. The Defendants deny the allegations set forth in paragraph 19 and demand strict proof thereof.

20. The Defendants deny the allegations set forth in paragraph 20 and demand strict proof thereof.

21. The Defendants deny the allegations set forth in paragraph 21 and demand strict proof thereof.

22. The Defendants deny the allegations set forth in paragraph 22 and demand strict proof thereof.

**Count III: Retaliation/Retaliatory Discharge Under 29 USC 215(A)(3)**
**Against Defendants, Jointly and Severally, as to Plaintiff Yerid Benito Lariosa**

23. The Defendants deny the allegations set forth in paragraph 23 and demand strict proof thereof.

24. The Defendants deny the allegations set forth in paragraph 24 and demand strict proof thereof.

25. The Defendants deny the allegations set forth in paragraph 25 and demand strict proof thereof.

26. The Defendants deny the allegations set forth in paragraph 26 and demand strict proof thereof.

27. The Defendants deny the allegations set forth in paragraph 27 and demand strict proof thereof.

28. The Defendants deny the allegations set forth in paragraph 28 and demand strict proof thereof.

29. The Defendants deny the allegations set forth in paragraph 29 and demand strict proof thereof.

30. The Defendants deny the allegations set forth in paragraph 30 and demand strict proof thereof.

31. The Defendants deny the allegations set forth in paragraph 31 and demand strict proof thereof.

32. The Defendants deny the allegations set forth in paragraph 32 and demand strict proof thereof.

33. The Defendants herein restate their original answers to paragraphs 1-18; 19-22 and 23-32 for any restatement allegations of paragraphs 1-18; 19-22 and 23-32 set forth by the Plaintiffs in their Second Amended Complaint.

34. The Defendants further herein deny any and all allegations not expressly admitted in this Answer and Affirmative Defenses and deny any and all of Plaintiffs' allegations of

entitlement to the relief requested in all wherefore clauses of the Plaintiffs Second Amended Complaint.

## AFFIRMATIVE DEFENSES

The Defendants herein assert the following affirmative defenses and state as follows:

35. The Defendants herein reserve the right to assert additional affirmative defenses based on including, but not limited to additional evidence discovered during the course of the proceedings, in the event of any amendment to the pleadings and/or as permitted by the Federal Rules of Civil Procedure.

## FIRST AFFIRMATIVE DEFENSE:
## UNCLEAN HANDS

36. Defendants are excused and/or discharged from any overtime owed to the Plaintiffs, as a result of Plaintiffs' knowingly false allegations made in its Second Amended Complaint (DE #34) of time worked and entitlement to such wages that the Plaintiffs knew they were not entitled to and/or on the basis that the Plaintiffs were never scheduled, required, nor asked to work over 40 hours in any week during their employment with C&R, were frequently absent from their jobs and, as such, could not have worked over 40 hours in any week and their allegations are a fraud upon this Court.

## SECOND AFFIRMATIVE DEFENSE:
## EQUITABLE ESTOPPEL

37. Plaintiffs are estopped or precluded in both law and equity, from asserting claims for unpaid hours because neither Plaintiff has worked over 40 hours in any week during their employment with C&R and do not qualify for the time-and-a-half overtime rate for any hour worked. As such, it would be inequitable for Plaintiffs to receive and Defendants to pay wages for hours not worked by the Plaintiffs.

### THIRD AFFIRMATIVE DEFENSE:
### ESTOPPEL

38. Plaintiffs should be estopped from sustaining and/or recovering any damages as a result of its own action and/or inactions, which includes, but is not limited to any claims for wages at a time-and-a-half overtime rate for any hours worked, for retaliatory termination for making claims for unpaid overtime wages, and for asserting claims for unpaid wages for hours not worked by Plaintiff.

### FOURTH AFFIRMATIVE DEFENSE:
### WAIVER

39. Plaintiffs have knowingly waived their right in part or in whole to seek damages and/or relief from this Court, either by action, inaction, by agreement, and/or by law against Defendants when they failed to report or notify C&R of any overtime hours allegedly worked or incurred for C&R or any of the alleged retaliatory behavior they said they suffered.

### FIFTH AFFIRMATIVE DEFENSE:
### PROPER TERMINATION

40. Plaintiffs were each properly terminated with an accompanying-letter that described and explained the reasons for their respective termination, which were related to issues not relevant to any of the claims raised by Plaintiffs. Further, it is of importance to note that the Plaintiffs never asserted a claim for unpaid overtime wages to Defendants, as Plaintiffs so-allege was the motivating factor for each of their terminations, until they did so through the filing of this lawsuit.

### SIXTH AFFIRMATIVE DEFENSE:
### NO MOTIVATING FACTOR

41. Plaintiffs falsely allege that their claim to the Defendants for unpaid overtime wages was the motivating factor for each of their respective terminations of employment from C&R.

6

However, the Plaintiffs never made any sort of claim to the Defendants for unpaid overtime wages until they did so through the filing of this lawsuit, and, as such, Plaintiffs' claim for retaliatory discharge under 29 U.S.C. 215(A)(3) cannot be sustained.

## SEVENTH AFFIRMATIVE DEFENSE:
## LACHES

42. Should this Court find that Defendants' conduct has given rise to Plaintiffs' claims, whether in part or whole, and Plaintiffs had knowledge or notice of the same, but failed to timely bring an action or take corrective action, Defendants state that they did not have knowledge or notice of Plaintiffs' damage or that it would assert certain rights and that as a result of Plaintiffs' delay, Defendants will suffer unnecessary and unjust injury and damage if relief is awarded to either Plaintiff or both Plaintiffs.

## EIGHTH AFFIRMATIVE DEFENSE:
## EMPLOYER NOT COVERED BY FLSA

43. Plaintiffs causes of actions fail because C&R is not covered by the Fair Labor Standards Act of 1938 (FLSA) because it does not meet the requirements established either under an enterprise or individual coverage test that would require the company to comply with the Fair Labor & Standards Act.

## NINTH AFFIRMATIVE DEFENSE:
## ADMINISTRATIVE EXEMPTION

44. Plaintiffs qualify as exempt employees under the Fair Labor Standards Act because the Plaintiffs maintained discretion as to how to carry out their employment responsibilities and/or otherwise fall within the exemption under the Act.

## TENTH AFFIRMATIVE DEFENSE:
## ALL WAGES OWED HAVE BEEN SATISFIED-ACCORD AND SATISFACTION

45. Plaintiffs have been fully paid the proper amount for all hours of work that they have performed for C&R. As such, any claims for unpaid wages have been fully satisfied by

C&R through the payments that it has already made the Plaintiffs, and any existing claims for unpaid wages are without merit.

### ELEVENTH AFFIRMATIVE DEFENSE:
### LACK OF KNOWLEDGE OF EMPLOYEE
### ENGAGING PROTECTED CONDUCT

46. Defendants are without knowledge that the Plaintiffs engaged in protected conduct under the Fair Labor Standards Act, and, as such, the causal connection element of Plaintiffs' FLSA claim for retaliation cannot be proven.

### TWELVETH AFFIRMATIVE DEFENSE:
### LACK OF REQUISITE FORMALITY

47. To the extent that Plaintiffs' claims are based on written or oral complaints to the Defendants and/or their agents, Plaintiffs did not satisfy conditions precedent by failing to meet the degree of formality required to invoke the Fair Labor Standards Act's anti-retaliation provision, and, therefore, Plaintiffs' claims fail. Plaintiffs at no time stated a complaint sufficiently clear and detailed for a reasonable employer or either of the Defendants to understand their complaints, that they were asserting rights protected by statute, and requested protection.

### THIRTEENTH AFFIRMATIVE DEFENSE:
### NO PERSONAL LIABILITY - *Patel v. Wargo*, 803 F.2d 632 (11th Cir. 1986)

48. To the extent that Plaintiffs have made claims against Defendants Juana C. Escoto and Rosa C. Hernandez, those claims fails and said-Defendants cannot be personally liable for Plaintiffs because Escoto and Hernandez do not meet the criteria required to hold an officer personally liable for Plaintiffs claims under the Fair Labor Standards Act or under 29 USC 215(A)(3).

## FOURTEENTH AFFIRMATIVE DEFENSE:
## PERFORMANCE IN GOOD FAITH

49. The Defendants actions and representations were done in good faith and to the best of each Defendants knowledge at the time, as such, they are not actionable and/or the Defendants are entitled to protection under a Safe Harbor provision.

## FIFTEENTH AFFIRMATIVE DEFENSE:
## GOOD FAITH UNDER 29 U.S.C. § 260

50. Plaintiffs' causes of actions are limited to the extent that the Defendants acted in good faith and had reasonable grounds for believing that their alleged act or omission giving rise to Plaintiffs' causes of actions was not a violation of the Fair Labor Standards Act of 1938, as amended.

## SIXTEENTH AFFIRMATIVE DEFENSE:
## FAILURE TO MITIGATE DAMAGES

51. Plaintiffs' causes of actions are limited to the extent that Plaintiffs had a duty to mitigate their alleged damages and failed or neglected to so.

## SEVENTEENTH AFFIRMATIVE DEFENSE:
## FAILURE TO NOTIFY OF DISCREPANCIES

52. Plaintiffs' causes of actions are limited to the extent that Plaintiffs did not meet their conditions precedent to bringing an action against the Defendants, as Plaintiffs failed to notify the Defendants of any unpaid overtime wages allegedly owed to Plaintiffs or any discrepancies in the wages paid to Plaintiffs.

### EIGHTEENTH AFFIRMATIVE DEFENSE:
### FAILURE TO NOTIFY EMPLOYER OF RETALIATORY BEHAVIOR

53. Plaintiffs' causes of action for retaliatory discharge is limited to the extent that the respective Plaintiff failed to notify the Defendants of any retaliatory behavior that was allegedly carried out prior to filing an action based on said-behavior.

### NINETEENTH AFFIRMATIVE DEFENSE:
### AFTER-ACQUIRED EVIDENCE DEFENSE

54. Plaintiffs' causes of actions are limited to the extent that Plaintiffs engaged in employee-misconduct that was considered so severe that Defendants would have taken the employment action(s) that Plaintiffs' claims are based on against the Plaintiffs had they known of the misconduct.

### TWENTIETH AFFIRMATIVE DEFENSE:
### PLAINTIFFS' WERE TERMINATED FOR LEGITIMATE, NON-DISCRIMINATORY BUSINESS REASONS

55. Plaintiffs were terminated from their employment with Defendants for legitimate, non-discriminatory business reasons. Plaintiffs were not terminated for engaging in an activity protected under the Fair Labor Standards Act, and therefore, cannot establish a prima facie case of retaliation/retaliatory discharge. Upon their respective terminations, Plaintiffs were each provided a letter that fully explained and described the legitimate and non-discriminatory business reasons for their respective terminations.

### TWENTY-FIRST AFFIRMATIVE DEFENSE:
### FAILURE TO ABIDE BY COMPANY POLICIES

56. Plaintiff Lariosa repeatedly failed to comply with the company's employment policies and was given written notice that his refusal or failure to comply with said policies would result in his termination of employment. Plaintiff Lariosa's claims fail to the extent that his

termination was caused by his own failure or refusal to comply with the Defendants' employment policies, which apply to every employee of the company.

### TWENTY-SECOND AFFIRMATIVE DEFENSE:
### NO CAUSAL CONNECTION BETWEEN ADVERSE
### EMPLOYMENT ACTION AND PROTECTED ACTIVITY

57. There is no causal connection between the termination of Plaintiffs' respective employments and the protected activity that Plaintiffs' allegedly engaged in. Plaintiffs were each terminated for reasons completely unrelated to any protected activity that the Plaintiffs' have allegedly engaged in.

### TWENTY-THIRD AFFIRMATIVE DEFENSE:
### NO PRETEXTUAL TERMINATION

58. Neither Plaintiff was terminated based on pretext, and, as such, neither Plaintiff can offer evidence to refuse the legitimate business reasons supporting that Plaintiff's respective termination.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE:
### NO ASSERTION OF FLSA RIGHTS

59. Plaintiffs' retaliatory claims fail to the extent that the Plaintiffs asserted their FLSA rights after their respective terminations or after having an alleged adverse action taken against them.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE:
### FAILURE TO STATE A CAUSE OF ACTION

60. Plaintiffs have failed to state a cause of action upon which any relief can be granted to them, whether under the Fair Labor Standards Act or in any statute, theory of law, or equity.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE:
## FAILURE TO SATISFY CONDITIONS PRECEDENT

61. Plaintiffs have failed to meet the conditions precedent to bringing their causes of actions against the Defendants and, therefore, Plaintiffs' suit fails or is limited to the extent that the conditions precedent to their causes of actions have not been met or performed.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE:
## FRONT PAY VIOLATES EQUITY

62. Plaintiffs' claim for front pay not proper in this case because it is insufficient to effectuate the purposes of any of the Plaintiffs' FLSA actions or any actionable allegations by the Plaintiffs. Further, any award of front pay to the Plaintiffs would be based purely on speculation and will cause overcompensation, all of which would be inequitable to the Defendants.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE:
## NO SUPPORT FOR FRONT PAY

63. Plaintiffs' were not entitled to their employment positions with Defendants and have failed to plead or demonstrate the requisite showings and meet the conditions precedent in order to support an award of front pay. Further, any claim for front pay is not supported by the facts of this case.

**WHEREFORE,** the Defendants, respectfully request an order dismissing with prejudice the Plaintiffs' Second Amended Complaint in its entirety; an award for attorney fees and cost in the event the Court finds that the Plaintiffs' allegations lacked merit and was brought for wrongful purposes and any and all further relief this Court should deem necessary and proper.

**[certificate of service on next page]**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served upon all CM/ECF recipients via E-Filing on this 18th day of January 2017.

                                     **THE CAMPBELL LAW GROUP, P.A.**
                                     Attorneys for Defendants
                                     2000 Ponce De Leon Blvd., Sixth Floor
                                     Coral Gables, Florida 33134
                                     T: (305) 328-9506
                                     F: (305) 675-3973
                                     By: <u>/s/ Regina M. Campbell</u>
                                     Regina M. Campbell, Esq.
                                     Florida Bar No. 74842
                                     Nicholas G. Neville, Esq.
                                     Florida Bar No. 123893
                                     service@thecampbelllawgroup.com

Service List:
Adam Berman, Esq.
Jamie H. Zidell, Esq.
David Kelly, Esq.