UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
Case No. 17-23799-CIV-GRAHAM

YERID BENITO LARISOA,
SILVESTRE PICADO,

  Plaintiffs,

vs.

C&R PALLETS CORP.,
JUANA C. ESCOTO,
ROSA C. HERNANDEZ,

  Defendants.
_____/

## ORDER GRANTING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY FINAL JUDGMENT

**THIS CAUSE** comes before the Court on Plaintiffs' Motion for Partial Summary Judgment [D.E. 75], Defendants' Response to the Plaintiffs' Motion for Partial Summary Judgment [D.E. 80], and Plaintiffs' Reply to Response to Motion for Partial Summary Judgement [D.E. 81].

**THE COURT** has considered the motion, the relevant portions of the record, and is otherwise fully advised in the premises. For the reasons set forth below, Plaintiffs' Motion for Partial Summary Judgment [D.E. 75] is GRANTED.

I.  **BACKGROUND**

This is an action arising under the Fair Labor Standards Act 29 U.S.C. §§ 201-216. Plaintiff Yerid Benito Larisoa and Plaintiff

Silvestre Picado worked for Defendants as route delivery drivers transporting pallets. During the relevant period Defendant Escoto and Defendant Hernandez were 50/50 owners of C&R Pallets Corp.("C&R"). [Escoto Deposition, D.E. 76-4,p. 44]. Escoto is the president and Hernandez is the vice president of C&R. Id. Only Escoto had authority to sign checks. Id. However, Hernandez and Escoto shared financial authority over the company and had equal operational control over the day-to-day functions. [Defendant Hernandez Deposition D.E. 76-3, p. 4; Escoto Deposition, D.E. 76-4,p. 45]. Similarly, Escoto and Hernandez were equally involved in hiring and termination decisions.[Escoto Deposition, D.E. 76-4,p. 45]. Although the supervisor, Pedro Ruiz ("Ruiz") prepared the work scheduled for Plaintiffs, Escoto determined and directed Ruiz with regard to the maximum number of hours the employee was allowed to work, was aware of when employees worked, determined employee rate of pay, and processed payroll. Also, Escoto decided the operating hours of the business. [Escoto Deposition, D.E. 76-4, p. 11-15 and 45-46].

Plaintiffs move for partial summary judgment on the following points, and asks the Court to find as a matter of law that: (1) Defendants Escoto and Hernandez were Plaintiffs' individual FLSA employers during the relevant period; and (2) Plaintiffs were not exempt under the executive or administrative exemptions. [D.E. 75].

2

In response, Defendants assert that Defendants Escoto and Hernandez were not the Plaintiffs' employers within the meaning of the FLSA. [D.E. 80]. Defendants maintain that, as owners, corporate officers, and shareholders of C&R, they lacked the operational control or supervision of the Plaintiffs necessary to impose individual liability as an "employer" under the FLSA. Id. Instead, Defendants contend that they appointed other individuals, Ruiz and Marlan Hernandez ("Marlan") to be in charge of the day-to-day operations at C&R. [D.E. 80]. Also, Defendants contend that it was supervisors Ruiz and Marlan who interviewed, hired, scheduled, and fired Plaintiffs. [Plaintiff Lariosa Deposition, D.E. 80-2]. Further, Defendants assert that it was Marlan who determined Plaintiffs' rate of pay. [Plaintiff Lariosa Deposition, D.E. 80-2]. Therefore, Defendants argue, Escoto and Hernandez's involvement in C&R was too far removed to have the operational control or supervision required to hold a corporate officer individually liable under the FLSA.

Additionally, according to Defendants, upon completion of the discovery phase and prior to the filing of Plaintiffs' Partial Motion for Summary Judgment, the parties agree that the Administrative and Executive Exemptions do not apply to the Plaintiffs. [D.E. 80]. As such, the Defendants do not oppose the dismissing or striking of the Administrative or Executive Exemption as an affirmative defense. Id. Therefore, the only issue

3

remaining is whether Defendants Escoto and Hernandez were Plaintiffs' individual FLSA employers during the relevant period.

## II. LAW & DISCUSSION

### A. Legal Standard

Federal Rule of Civil Procedure 56 provides that summary judgment shall be granted if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law. Fed R. Civ. P. 56 (c). The moving party has the burden of meeting this exacting standard. Adickes v. S.H. Kress & Co., 398 U.S. 144, 157, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970). The movant meets this burden by showing that there is an "absence of evidence to support the non-moving party's case." Jeffery v. Sarasota White Sox, Inc., 64 F.3d 590, 593 (11th Cir. 1995). Where the record as a whole could not lead a rational trier of fact to find in the non-movant's favor, there is no genuine issue of fact for trial. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S. Ct. 1348, 89 L.Ed.2d 538 (1986).

"[O]nce the moving party has met its burden of showing a basis for the motion, the nonmoving party is required to 'go beyond the pleadings' and present competent evidence designating 'specific facts showing that there is a genuine issue for trial.'" United States v. $183,791.00, 391 Fed. Appx. 791, 794 (11th Cir. 2010) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 324, 106 S.

Ct. 2548, 91 L.Ed.2d 265 (1986)). Thus, the nonmoving party "may not rest upon the mere allegations or denials of his pleadings, but [instead] must set forth specific facts showing that there is a genuine issue for trial." See Anderson, 477 U.S. at 248, 106 S. Ct. 2505 (citation omitted). "Likewise, a [nonmovant] cannot defeat summary judgment by relying upon conclusory assertions." Maddox-Jones v. Bd. of Regents of Univ. of Ga., 448 Fed. Appx. 17, 19 (11th Cir. 2011). Mere "metaphysical doubt as to the material facts" will not suffice. Matsushita, 475 U.S. at 586, 106 S. Ct. 1348.

### B. Discussion

The FLSA requires an employer to pay its employee "an overtime wage of one and one-half times his regular rate for all hours he works in excess of forty hours per week." See Josendis v. Wall to Wall Residence Repairs, Inc., 662 F.3d 1292, 1298 (11th Cir. 2011); see also 29 U.S.C. § 207(a). "If a covered employee is not paid the statutory wage, the FLSA creates for that employee a private cause of action against his employer for the recovery of unpaid overtime wages and back pay." Josendis, 662 F.3d at 1298; see also 29 U.S.C. § 216(b).

"An FLSA plaintiff may seek relief from multiple employers, as the statute 'contemplates that there may be several simultaneous employers who are responsible for compliance with the FLSA.'" Mendoza v. Discount C.V. Joint Rack & Pinion Rebuilding,

Inc., 101 F.Supp.3d 1282, 1290 (S.D. Fla. 2015) (Goodman, Mag. J) (quoting Kendrick v. Eagle Int'l Group, LLC, 2009 WL 3855227, at *3 (S.D. Fla. Nov. 17, 2009) (Marra, J.)). The FLSA defines "employer" broadly to include "both the employer for whom the employee directly works as well as 'any person acting directly or indirectly in the interests of an employer in relation to an employee.'" Josendis v. Wall to Wall Residence Repairs, Inc., 662 F.3d 1292, 1298 (11th Cir. 2011) (quoting 29 U.S.C. § 203(d)). Therefore, a "corporate officer with operational control of a corporation's covered enterprise is an employer along with the corporation, jointly and severally liable under the FLSA for unpaid wages." Patel v. Wargo, 803 F.2d 632, 637-38 (11th Cir. 1986) (quoting Donovan v. Agnew, 712 F.2d 1509, 1511 (1st Cir. 1983)). "Operational control means management of day-to-day business functions such as employee compensation, 'direct responsibility for the supervision' of employees, or general operations." Baltzley v. Berkley Grp., Inc., 2010 WL 3505104, at *2 (S.D. Fla. Sept. 3, 2010) (Altonaga, J.) (quoting Patel, 803 F.2d at 637-38). Under this analysis, courts have found that "even a co-owner's occasional control of the day-to-day business operations or employee supervision is sufficient to bring the co-owner within the FLSA definition of an employer." Id.; see also Olivas v. A Little Havana Check Cash, Inc., 324 Fed. Appx. 839, 845-46 (11th Cir. 2009).

During deposition, Defendants Escoto and Hernandez stated that they share financial authority over the company and have equal operational control over the day-to-day functions at C&R. [Defendant Hernandez Deposition D.E. 76-3, p. 4; Escoto Deposition, D.E. 76-4,p. 45]. Similarly, Escoto and Hernandez were equally involved in hiring and termination decisions.[Escoto Deposition, D.E. 76-4,p. 45]. Although the supervisor Ruiz prepared the employee's work schedule, he too testified during deposition that Defendants were the persons with the ultimate decision-making authority with regard to the hiring and firing of employees and were responsible for writing the checks. [Ruiz Deposition, D.E. 80-2, p. 10 L: 8-17]. According to Ruiz, he was responsible for supervising the employees, the logistics, sales and production, but he was supervised by the Defendant owners. [Ruiz Deposition, D.E. 80-2, p. 10-11]. Although she did not make the employees work schedule, Defendant Escoto determined and directed Ruiz with regard to the maximum number of hours the employee was allowed to work, was aware of when employees worked, and was responsible for inputting payroll and issuing payroll checks. [Escoto Deposition, D.E. 76-4, p. 11-15]. Also, Escoto decided the operating hours of the business. [Escoto Deposition, D.E. 76-4, p. 11 and 45].

Defendants' admissions about their involvement in the day-to-day running of C&R are sufficient to establish that Defendants

Escoto and Hernandez are FLSA "employers" as a matter of law. Accordingly, the Court grants the Plaintiff's motion for summary judgment on this issue.

### IV. CONCLUSION

For the reasons stated above, because a reasonable jury could only conclude that Defendants Escoto and Hernandez are the Plaintiffs' employer within the meaning of the statute, the Court grants the Plaintiffs' Partial Motion for Summary Judgment. It is therefore,

**ORDERED AND ADJUDGED** that Plaintiffs' Motion for Partial Summary Judgment [D.E. 75] is **GRANTED.**

**DONE AND ORDERED** in Chambers at Miami, Florida, this 12th day of July, 2018.

DONALD L. GRAHAM
UNITED STATES DISTRICT JUDGE

cc:  All Counsel of Record