UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 17-23799-CIV-DLG

|  |  |
|---|---|
| YERID BENITO LARIOSA, SILVESTRE PICADO, and all others similarly situated under 29 U.S.C. 216(b), | ) ) ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) ) |
| C&R PALLETS CORP., JUANA C. ESCOTO, ROSA C. HERNANDEZ, | ) ) ) ) |
| Defendants. | ) ) ) |

## PLAINTIFFS' OMNIBUS MOTION IN *LIMINE*

**COMES NOW** the Plaintiffs, by and through undersigned counsel, and pursuant to the

Federal Rules of Civil Procedure, and files the above-described Plaintiffs' Omnibus Motion in

*Limine* and states as follows in support thereof:

1.  Plaintiff moves in *limine* to exclude reference or introduction of the following issues:

    a)  Reference to attorneys' fees and costs;

    b)  Reference to liquidated damages;

    c)  Any reference to collateral attacks on credibility (i.e. receiving social security as a collateral source payment);

    d)  Any reference to undersigned firm's representation of Plaintiff;

    e)  Any reference to Plaintiffs' worker's compensation case;

    f)  Any unnamed exemptions; and

    g)  Any argument that Plaintiffs' never complained about overtime before being fired.

1

## MEMORANDUM OF LAW

Courts have the inherent ability to "to manage the course of [their] trials," including the granting of motions in limine when appropriate. *Luce v. United States*, 469 U.S. 38, 41 (1984). The purpose of a motion in limine is "to give the trial judge notice of a movant's position so as to avoid the introduction of damaging evidence, which may irretrievably affect the fairness of a trial." E.g., *Fagundez v. Louisville Ladder, Inc.*, 2012 WL 253214, at *1 (S.D. Fla. Jan. 26, 2012).

### A.  Reference To Attorneys' Fees and Costs.

Any reference to attorneys' fees and costs at Trial should be excluded. Plaintiffs, therefore, respectfully request an Order excluding said references.  Thus, any reference to attorney fees and costs pursuant to 29 U.S.C. 216(b) or otherwise should be excluded under Rule 403 of the Federal Rules of Evidence as any potential probative value is substantially outweighed by the danger of unfair prejudice and confusion of the issues in this FLSA matter.  The issue of attorney fees and costs are matters decided by the Court post trial and not by the jury and would be irrelevant and prejudicial as it would cause confusion and take the focus off of the merits of the case. Attorneys' fees and costs have no probative value and would not benefit the jury's role in this matter. As such, any reference to attorney fees and costs at trial should be excluded. In addition, the Southern District of Florida has granted motions in limine related to attorneys' fees and costs. See Exhibit 1 and Exhibit 2.

Wherefore, Plaintiffs respectfully request that the Court grant Plaintiffs' Omnibus Motion in *Limine* and exclude any reference to attorneys' fees and costs at trial.

2

**B.  Reference To Liquidated Damages.**

Any reference to liquidated damages should be excluded at Trial. The FLSA makes doubling of a wage award mandatory under the Statute absent a showing of good faith. *See, Joiner v. Macon*, 814 F.2d 1537, 1539 (11th Cir. 1987).  *See also*, *Reeves v. International Tel. & Tel. Corp.*, 616 F.2d 1342 (5th Cir. 1980).  However, such issue of doubling is determined by the Court post-trial (as is the case with attorneys' fees and costs if Plaintiff prevails).  Because liquidated damages are determined by the Court post-trial, the jury has no need to hear about them.  The issue of liquidated damages would thus confuse the jury as they have no need (with respect to the damages sought under the FLSA) to hear about figures that double the wages claimed, and such is irrelevant. In addition, the Southern District of Florida has granted motions in limine related to attorneys' fees and costs. See Exhibit 1 and Exhibit 2.

Wherefore, Plaintiff respectfully request that the Court grant Plaintiffs' Omnibus Motion in *Limine* and exclude any reference to liquidated damages at trial.

**C.  Reference to collateral attacks on credibility (i.e. receiving social security as a collateral source payment)**

Any reference to Plaintiffs' or their respective spouses, or significant other, or children, ever applying or receiving any government assistance of any kind, including, but not limited to, social security should be excluded under Rule 403 of the Federal Rules of Evidence as its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, and is intended only to vexatiously harass Plaintiffs.

Any reference to Plaintiffs' or their respective spouses, or significant other, or children, ever applying or receiving any government assistance of any kind, including, but not limited to, workers' compensation, food stamps, welfare and/or medical benefits would not be related to the number of hours Plaintiffs were working nor the intention of said payments and would, thus, not

3

lead to admissible evidence.  In addition, the Southern District of Florida has granted motions in limine related to references of family members' application or receipt of government assistance. See Exhibit 3.

Wherefore, Plaintiffs respectfully request that the Court grant Plaintiffs' Motion in *Limine* and exclude reference to Plaintiffs' or their respective spouses, or significant other, or children, ever applying or receiving any government assistance of any kind, including, but not limited to, social security.

**D.  Reference to Undersigned Firm's Representation of Plaintiffs**

Any reference to issues concerning the undersigned Firm's representation of Plaintiff, how Plaintiff obtained same, fee/retainer agreement, or otherwise should be excluded under Rule 403 of the Federal Rules of Evidence as its probative value is substantially outweighed by the danger of unfair prejudice and would not benefit the jury's role in this matter. As a general matter, the Court should exclude evidence or references where the probative value is substantially outweighed by the prospect of prejudice. *Zenith Radio Corp. v. Matsushita Elec. Indus. Co.*, 505 F. Supp 1125, 1146 (E.D. Pa. 1980), *aff'd in part*, 723 F.2d 238 (3rd Cir. 1983), *rev'd on other grounds*, 475 U.S. 574 (1986). *See*, Fed. R. Evid. Rule 403. The Jury has no need to hear issues concerning the undersigned Firm's representation of Plaintiffs, how Plaintiffs obtained same, or otherwise, because such issues would likewise only serve to prejudice the jury, and testimony regarding same would be irrelevant and prejudicial as it would cause confusion and take the focus off of the merits of the case. In addition, the Southern District of Florida has granted motions in limine related to how Plaintiffs retained their legal counsel. See Exhibit 2.

Wherefore, Plaintiff respectfully requests that the Court grant Plaintiff's Motion in *Limine* and exclude reference to issues concerning the undersigned Firm's representation of Plaintiff, how Plaintiff obtained same, fee/retainer agreement, or otherwise.

### E.  <u>Any reference to Plaintiffs' Workers Compensation Case</u>

Any questioning of Plaintiffs or any comments to the Jury regarding Plaintiffs' motivation (in relation to that other case) for filing the instant lawsuit should be excluded as it is contrary to law and unsupported by evidence. The law is clear that an individual employee's rights for overtime compensation under the Fair Labor Standards Act cannot be abridged by contract or otherwise waived by the employee. *Barrentine v. Arkansas-Best Freight Sys., Inc.*, 450 U.S. 728 (U.S. 1981). *Baker et.al. v. Barnard Construction Co.* et.al., 146 F.3d 1214 (10th Cir. 1998).

Reference to the prior lawsuit in relation to Plaintiff's motivation for filing the subject lawsuit is irrelevant and prejudicial and will only be used to unfairly prejudice the jury against Plaintiff. Even if the other lawsuit is a factor, which Plaintiff wholly denies, such accusations are prejudicial and inappropriate to be made in a courtroom in front of the Jury. Allowing Defendants, through their counsel, to make said comments or similar comments will only inflame and unfairly prejudice the jury against Plaintiff and should be excluded pursuant to Rule 403 of the Federal Rules of Evidence as any possible probative value said information would have will clearly and substantially be outweighed by the danger of unfair prejudice and confusion that it would cause in this case. Reference to the prior lawsuit should only be permitted and limited to demonstrate in relation to Defendants' good faith defense. The Court ought determine admissibility via a motion in *limine*.  *Zenith Radio Corp. v. Matsushita Elec. Indus. Co.*, 505 F. Supp 1125, 1146 (E.D. Pa. 1980), *aff'd in part*, 723 F.2d 238 (3rd Cir. 1983), *rev'd on other grounds*, 475 U.S. 574 (1986).   The Court should exclude any evidence when probative value is substantially outweighed by the prospect of prejudice.  *Zenith Radio Corp.,* 505 F. Supp. at 1146.  *See*, Fed. R. Evid. Rule 403. In addition, the Southern District of Florida has granted motions in limine related to prior lawsuits. See Exhibit 4.

Wherefore, Plaintiff requests that the Court grant Plaintiff's Motion in *Limine* and exclude reference to the Worker's Compensation lawsuit against Defendants regarding Plaintiff's motivation for filing the subject lawsuit should be excluded as it is contrary to law. Reference to the prior lawsuit should be limited to issues regarding willfulness and good faith only.

### F. Any unnamed exemptions.

The Plaintiffs move to preclude all references at trial to any unnamed exemptions within Defendants Answer and Affirmative Defenses to Plaintiffs' Second Amended Complaint [D.E. 38]. The Defendants state in their affirmative defenses that they "reserve the right to assert additional affirmative defenses based on including, but not limited to additional evidence discovered during the course of the proceedings, in the event any amendment to the pleadings and/or as permitted by the Federal Rules of Civil Procedure. [D.E. 38].

Any affirmative defenses that have not specifically been pled within Defendants' Answer and Affirmative defense should be overruled as the probative value will unfairly prejudice the jury against the Plaintiffs by bringing up a "surprise" defense that was never discussed throughout discovery. The Court should exclude any evidence when probative value is substantially outweighed by the prospect of prejudice. *Zenith Radio Corp.,* 505 F. Supp. at 1146. *See*, Fed. R. Evid. Rule 403.

Wherefore, Plaintiffs respectfully request that the Court grant Plaintiffs' Omnibus Motion in *Limine* and exclude any reference to Plaintiffs' unnamed exemptions.

### G. Any argument that Plaintiffs never complained about overtime before being fired.

Any questioning of Plaintiffs, or any comments to the jury that Plaintiffs have failed to complain about their overtime shifts should be excluded as it is contrary to the law. The law is clear that an individual employee's rights for overtime compensation under the Fair Labor

Standards Act cannot be abridged by contract or otherwise waived by an employee. *Barrentine v. Arkansas-Best Freight Sys., Inc.*, 450 U.S. 728 (U.S. 1981). *Baker et.al. v. Barnard Construction Co.* et.al., 146 F.3d 1214 (10th Cir. 1998).

Wherefore, Plaintiffs respectfully request that this Court bar Defendants from making any comments or questioning Plaintiffs regarding Plaintiffs waiver of their overtime claims by a failure to complain about overtime before being fired.

WHEREFORE PLAINTIFFS REQUEST THE COURT EXCLUDE *IN LIMINE* AT TRIAL ALL OF THE EVIDENCE SET FORTH HEREIN-ABOVE.

## <u>CERTIFICATE OF CONFERRAL</u>

Undersigned conferred with Defendants who stated that Defendants oppose the Motion in its entirety.

**Respectfully submitted,**

**NATALIE STAROSCHAK, ESQ.**
**J.H. ZIDELL, P.A.**
**ATTORNEY FOR PLAINTIFF**
**300 71ST STREET, #605**
**MIAMI BEACH, FL 33141**
**PH: 305-865-6766**
**FAX: 305-865-7167**
**EMAIL:NSTAR.ZIDELLPA@GMAIL.COM**
**F.B.N. 116745**
**BY:_____/s/ Natalie Staroschak_____**
**NATALIE STAROSCHAK, ESQ.**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT A TRUE AND CORRECT COPY OF THE FOREGOING WAS SENT SUBSEQUENT TO E-FILING VIA SAME ON 7/27/18 TO:

ALL CM/ECF RECIPIENTS

REGINA M. CAMPBELL
THE CAMPBELL LAW GROUP PA
2000 PONCE DE LEON DRIVE
6TH FLOOR
CORAL GABLES, FL 33134
PH: 305-328-3506
FAX: 305-675-3973
SERVICE@THECAMPBELLLAWGROUP.COM


BY:___/s/___Natalie Staroschak_____
NATALIE STAROSCHAK, ESQ.