UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

YERID BENITO LARIOSA, SILVESTRE PICADO,     CASE NO.: 17-23799-CIV-DLG
and all others similary situation
under 29 U.S. C. 216(b),

      Plaintiffs,

v.

C&R PALLETS CORP., JUANA C.
ESCOTO, and ROSA C. HERNANDEZ,

      Defendants.
_____/

**DEFENDANTS' MOTION IN *LIMINE* TO EXCLUDE EVIDENCE FROM TRIAL**

The Defendants, C&R PALLETS CORP. ("C&R"), JUANA C. ESCOTO ("Escoto"), and ROSA C. HERNANDEZ ("Hernandez") (hereinafter collectively the "Defendants") hereby move in *limine* for an order excluding the Plaintiffs, YERID BENITO LARIOSA ("Lariosa") and SILVESTRE PICADO ("Picado") (hereinafter collectively the "Plaintiffs") from introducing certain improper evidence and/or making certain prejudicial statements at trial, and state the following in support thereof:

**I.     Introduction.**

This case is an action based on the Fair Standards Labor Act of 1938 ("FLSA"). In the Plaintiffs' three-count complaint [DE#34], the Plaintiffs allege that the Defendants are in violation of the FLSA by failing to pay the Plaintiffs overtime wages for hours allegedly worked by the Plaintiffs and for terminating the Plaintiffs for allegedly-complaining of the unpaid wages. The Defendants dispute the Plaintiffs' claims and have asserted several defenses against the Plaintiffs' causes of action. *See*, the Defendants Answer and Affirmative Defenses to the Plaintiffs Second Amended Complaint [DE#38]. These defenses include, but are not limited to, demonstrating that

the Plaintiffs did not work the hours that they so-allege gave rise to overtime wages and that the Plaintiffs were terminated for legitimate, business reasons and not for allegedly-engaging in a protected activity.

The Plaintiffs have made certain allegations in furtherance of their FLSA claims against the Defendants in this case, such as the various rates of hourly pay for the Plaintiffs' employment at C&R, attributing negative comments to employees of C&R, and instances of complaining of unpaid wages to the Defendants. However, discovery in this case has demonstrated that the Plaintiffs' aforesaid allegations cannot be relied upon for their truthfulness and are likely fabricated to support the Plaintiffs' FLSA claims and increase the damages that a jury could award them in this case. As such, the Plaintiffs have filed this motion in *limine* to exclude the Plaintiffs from introducing improper evidence and/or making prejudicial statements at trial. Specifically, the Defendants seek an order that:

A. Prevents the Plaintiffs from presenting evidence or referring to an hourly rate other than the rates stated on the Plaintiffs' paystubs;

B. Prevents the Plaintiffs from making reference to the statement "ungrateful dog" and the humiliations referenced in the Plaintiffs' Second Amended Complaint [DE#34];

C. Prevents the Plaintiffs from presenting evidence of complaining of overtime wages prior to the Plaintiffs' respective commencements of their lawsuit;

D. Prevents the Plaintiffs from presenting evidence of the corporate-Defendant C&R's gross sales for any reason;

E. Prevents the Plaintiffs from presenting evidence about an inability to earn income following the termination of their employment from C&R; and

    F.  Prevents the Plaintiffs from presenting evidence and making statements about a specific, non-existent document that allegedly set forth the Plaintiffs' working hours.

**II.     Memorandum of Law.**

The purpose of a motion in *limine* is to exclude "anticipated prejudicial evidence before the evidence is actually offered, and an order addressing it does not "determine the sufficiency of the evidence or merits of an issue."" *Pena v. Handy Wash, Inc.*, 114 F.Supp.3d 1239, 1248 (S.D. Fla. 2015) (*quoting Soliday v. 7-Eleven, Inc.*, 2011 WL 1837807, at *1 (M.D. Fla. 2011) (citing to *Lucy v. United States*, 469 U.S. 38, 40 n. 2 (1984)).

"The Court has broad discretion to determine the admissibility of evidence." *Santiago v. Sanders*, 2015 WL 12860500, at *1 (S.D. Fla. Apr. 16, 2015) (*citing to United States v. McLean*, 138 F.3d 1398, 1403 (11th Cir. 1998)).

"Relevant evidence" is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probably than it would be without the evidence." *Haught v. U.S. Eng'g Contractors Corp.*, 2009 WL 36591, at *1 (S.D. Fla. Jan. 6, 2009) (*citing to* Fed.R.Evid. 401). "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." *Id*. (*citing to* Fed.R.Evid. 403).

Rule 403 serves as a "shield against unfair prejudice, which "is not to be equated with testimony simply adverse to the opposing party." *Id.* (*citing to Dollar v. Long Mfg., N.C., Inc.*, 561 F.2d 613, 618 (5th Cir. 1977). Unfair prejudice has been interpreted as meaning "an undue tendency to suggest a decision on an improper basis, commonly, though not necessarily, an emotional one." *Id. (citing to* Fed.R.Evid. 403 advisory committee's note.).

3

### A. Prevent the Plaintiffs from presenting evidence or referring to an hourly rate other than the rates stated on the Plaintiffs' paystubs.

At trial, the Defendants anticipate that the Plaintiffs will attempt to present evidence of an hourly pay rate that differs from the amount that the Plaintiffs were paid during their employment with C&R. The Plaintiffs' respective hourly rates of compensation was $15.00 for Picado and $13.75 for Lariosa, until Lariosa received a pay raise to $15.00 per hour on or about October 28, 2018. However, the Plaintiffs have attempted to distort these figures and apply a significantly-higher hourly rate so that they could increase their claim for damages.

For example, the Plaintiffs' First Amended Complaint [DE#16] states that Lariosa was paid an average of $11.53 per hour, and that Picado was paid an average of $18.75 per hour as compensation. Then, the Plaintiffs' Second Amended Complaint [DE#34], their operative Complaint, increases Lariosa's hourly rate of compensation to $18.75.

Also, the Plaintiffs' Statement of Claim contradicts the hourly rates reported by the Plaintiffs. Lariosa's first Statement of Claim [DE#7] lists his uncompensated overtime rate at $17.29 per hour. Then, his Amended Statement of Claim [DE#48] lists his uncompensated overtime rate at $31.17 per hour, for which the base-rate for this overtime rate would be $20.78. Further, the Amended Statement of Claim [DE#48] lists Picado's overtime rate at $29.52, the base-rate of which would be $19.68.

At the Plaintiffs' respective depositions, the Plaintiffs were unable to provide any reasonable explanation or support as to how they arrived at the various hourly rates reported in this case and applied different hourly rates depending on the questions asked, which varied even further from the rates identified in the Plaintiffs' Complaints [DE#16, 34] and Statement of Claims [DE#7, 48].

At his deposition, Lariosa changed the amount of compensation he claims to have been receiving each week from $750 to $860 and applied different hourly rates depending on the

questions asked of him.[1] Lariosa Deposition P77, L15-18, 25; P79, L4-25; P80, L1-25; P81, L1-8; P82, L14-25; P83, L1-17; P84, L5-25; P85, L1-25; P86, L1-11. Lariosa attempts to explain this by saying that his pay rate changed drastically (Lariosa deposition P81, L9-17) but concedes that the hourly rate reported in his Amended Statement of Claim is not the same rate he was paid (Lariosa deposition P85, L104, 13-15). However, the only evidence of any change in pay rate is reflected in his paystubs, when his hourly rate increased from $13.75 per hour to $15.00 per hour.

Picado also provided similar testimony in the sense that he would vary his compensation rate based on the question asked of him, and none of those rates would be reflected on any written document, including Picado's own paystubs. Picado deposition P111, L5-25; P112, L1-25; P113, L1-23. When asked to confirm the hourly rate of compensation, Picado could not commit to any fixed hourly rate nor could he provide any reasonable explanation for the various rates listed in this case. Picado deposition P108, L1-8; P111, L5-25; P112, L1-25; P113, L1-23; P114, L9-25; P115, L1-25; P116, L1-20. The only support proffered by Picado for earning $750.00 per week was him stating that he received the difference between this amount and the amount reported on his paystubs via weekly cash payments that he could not account for. Picado deposition P99, L1-25; P100, L1-25, P101, L1-2.

Further, and perhaps most important, is that none of these various compensation rates are reflected on any written document, let alone the Plaintiffs' own paystubs.

The only relevant hourly compensation rates are the rates listed on the Plaintiffs' respective paystubs. *See*, the documents identified as C&R 0025 – C&R 0059; C&R 0946 – C&R 0960. The other various unsupported hourly rates reported by the Plaintiffs throughout this case are irrelevant

---

[1] Lariosa is also unable to explain why he first pled that he was compensated at a rate of $11.53 per hour, as stated in his First Amended Complaint [DE#16], and denies he was an hourly employee. Lariosa deposition P71, L11-25, P72, L1-13.

to this case because those rates were never applied during the Plaintiffs' employment and are also not reliable sources of information by the Plaintiffs' own admission. Further, the introduction of the various unsupported hourly rates will only serve to confuse the jury and may mislead a jury to base an award to the Plaintiffs damages off an improper basis, such as the hourly rate that was never agreed-to, let alone applied, as part of Plaintiffs employment.

Lastly, the Plaintiffs will face no prejudice by having this evidence excluded because the Plaintiffs were never paid at this rate, and the Plaintiffs themselves have produced paystubs reflecting the true hourly compensation rates, which differ from the various rates listed in their Statement of Claims and Complaints, as amended. The Defendants requested all documents that support the Plaintiffs' various alleged-hourly compensation rates, and specifically asked for documents that support the Plaintiffs' allegation that their hourly rate was $18.75. The Plaintiffs were unable to produce any documents in support of the various hourly compensation rates, including the hourly rate of $18.75, and only produced the aforementioned paystubs that showed the Plaintiffs' respective hourly rates at $15.00 for Picado and $13.75 for Lariosa, until Lariosa received a pay raise to $15.00 per hour on or about October 28, 2018. *See*, the documents identified as C&R 0025 – C&R 0059; C&R 0946 – C&R 0960.

Therefore, the Defendants seek an order barring the Plaintiffs from asking any questions, making any statements, or presenting any evidence about being compensated at an hourly rate different from those hourly rates displayed on the Plaintiffs' respective paystubs.

**B. Prevent the Plaintiffs from making reference to the statement "ungrateful dog" and the humiliations referenced in the Plaintiffs' Second Amended Complaint [DE#34].**

The Defendants have reason to believe that the Defendants may attempt to introduce evidence, make prejudicial statements, or ask prejudicial questions about the work environment of corporate-defendant in this case, C&R Pallets Corp. Namely, the Plaintiffs are likely to make statements

6

related to their allegation that Lariosa was called an "ungrateful dog" and humiliated in the workplace after first filing suit against the Defendants. Lariosa allegedly learned of the "ungrateful dog" comment through co-plaintiff Picado, who alleged heard this comment first-hand. [DE#34, P24].

However, the discovery in this case overwhelmingly supports the contention that the ungrateful dog comment and the related humiliation were fabricated by Lariosa. Picado admitted under oath in his deposition that he has never had any discussions with Lariosa about work at C&R, their employment relationships with C&R or their supervisors, Pedro Ruiz and/or Marlon Hernandez. Picado deposition P121, L 6-23. Further, and more importantly, Picado testified that he has never heard of anybody talking about Lariosa at C&R and has never heard Larios complain about his pay or the way he was treated at C&R. Picado deposition P121, L24-25; P122, L1-8.

Further, no other witnesses in this case could confirm the "ungrateful dog" comment and subsequent humiliation. Escoto deposition P75, L7-18; P76, L8-11; Ruiz deposition P26, L24-25; P27, L1-3, 18-25; P28, L1-19; Rosa C. Hernandez deposition P10, L2-17; P11, L16-19; Rosa E. Hernandez deposition P13, L20-22; P17, L16-25; P18, L1-2, 9-20; Marlon Hernandez deposition P9, L25; P10, L1-5; P11, L24-25; P12, L1-3, 16-25; P13, L1-22; Perez deposition P18, L8-10.

Given the foregoing, permitting the Plaintiffs to introduce evidence about the "ungrateful dog" comment and alleged-humiliation in the workplace would be highly-prejudicial to the Defendants. The Plaintiffs' testimonies contradict the Plaintiffs' own allegations, as the Plaintiffs themselves have testified that such conversations never even took place. Further, no other witness can corroborate the Plaintiffs' claims. Such evidence would lead a jury to sympathize with the Plaintiffs and create animosity against the Defendants attributable to an instance that was fabricated.

As such, the Defendants seek an order barring the Plaintiffs from introducing evidence about the "ungrateful dog" comment and the alleged-humiliation in the workplace, and from making any statements or asking any questions about the "ungrateful dog" comment and the alleged-humiliation.

**C. Prevent the Plaintiffs from presenting evidence of complaining of unpaid overtime wages prior to the Plaintiffs' respective commencements of their lawsuit.**

The Defendants have concern that the Plaintiffs may attempt to introduce evidence, make prejudicial statements, or ask prejudicial questions about the first time that each respective Plaintiff first complained to the Defendants of unpaid overtime wages. The Plaintiffs intend to use this evidence to show that they engaged in a protected activity at the Defendants' workplace.

However, discovery has demonstrated that the Plaintiffs never voiced these complaints, as alleged in the Plaintiffs' Complaint and subsequent amended complaints [DE#1, 16, and 34]. Picado deposition P121, L6-25; P122, L1-8; Escoto deposition P63, L14-25; P64, L1-10; P67, L4-6; Ruiz deposition P15, L24-25; P16, L1-2; P22, L15-24; P34, L7-18; Rosa C. Hernandez deposition P6, L9-12; Rosa E. Hernandez deposition P13, L12-19; Marlon Hernandez deposition P8, L21-24; P13, L23-25; P14, L1-3.

Further, when testifying under oath, the Plaintiffs themselves have been unable to identify with any reasonable detail their instances of complaining of unpaid overtime wages prior to the respective commencements of their lawsuit. Lariosa deposition P101, L11-25; P102, L1-24; P103, L11-13; Picado deposition P81, L13-25; P82, L1-23.

Because it is apparent that the Plaintiffs never voiced these complaints, they must be barred from presenting evidence or making statements that relate to said-complaints. Allowing evidence and statements about these non-existent complaints would prejudice the Defendants. Having those non-existent claims heard before a jury would only serve to confuse the jury and invoke a sympathy

by the jury based on incidents that never occurred and therefore that the Defendants could not have reacted to.

The only, and first, instance of the Plaintiffs complaining about unpaid wages is the Plaintiffs' respective claims for unpaid overtime wages in their Complaints. Namely, Lariosa first made a complaint for unpaid wages when he filed his Complaint in this case and served it upon the Defendants, which was, October 17, 2017. Picado was added to this case upon the filing of the First Amended Complaint [DE#16], which was November 10, 2017.

As such, the Defendants seek an order barring the Plaintiffs from introducing evidence and making statements that refer to any complaints of unpaid wages prior to the Plaintiffs' respective filings of their actions in this case.

### D. Prevent the Plaintiffs from presenting evidence of the corporate-Defendant C&R's gross sales for any reason.

The Defendants anticipate that the Plaintiffs may present evidence of the corporate-Defendant C&R's gross sales. In order for the FLSA to apply to a corporate-defendant, the corporate-defendant must earn at minimum $500,000.00 in annual dollar volume of business. *See*, 29 U.S.C. § 203(s)(1)(A)(ii).

In the present matter, the parties have stipulated to C&R meeting this requirement and thus not requiring any proof of the same at trial. The Plaintiffs have even reported to the Court that this fact will not require proof at trial in the Pretrial Stipulation they have filed in this case.

However, the Defendants are concerned that the Plaintiffs will nonetheless attempt to introduce evidence about C&R's gross sales, including, but not limited to, the stipulation about the $500,000.00 minimum requirement, C&R's revenue and/or sales, and testimony from C&R's accountant about C&R's financial state.

The Plaintiffs will face no prejudice by being unable to introduce and/or make statements concerning C&R's gross sales and annual revenue. Other than for determining whether the FLSA applies to corporate-defendant C&R, a company's gross sales and/or annual revenue is irrelevant to the Plaintiffs FLSA action.

As such, the Defendants seek an order barring the Plaintiffs from introducing evidence, which includes, but is not limited to calling C&R's accountant to testify about the same or making any statements that refer to C&R's gross sales and the parties' stipulation that C&R's business exceeds $500,000.00 in annual revenue. The Defendants also seek an order barring the Plaintiffs from calling C&R's accountant to testify about C&R's gross annual sales, annual revenue, and/or C&R's finances in any aspect.

### E. Prevent the Plaintiffs from presenting evidence of the Plaintiffs' inability to earn income after their respective terminations from C&R Pallets Corp.

The Plaintiffs have made a demand for damages that include, but are not limited to, front wages from the Plaintiffs' termination until the Plaintiffs reach the age of sixty-five (65). The Defendants anticipate that the Plaintiffs will make prejudicial statements and present evidence to support their claims for front wages following the Plaintiffs' respective terminations of employment. However, such statements and/or evidence, if presented, would be unduly prejudicial to the Defendants and would taint the jury's ability to award and calculate damages in this case for reasons that follow.

First, Picado's own request for front wages until he reaches the age of sixty-five (65) is self-contradictory because Picado has admitted that he was sixty-six (66) years old when he began working for C&R Pallets Corp. Picado deposition P11, L16-25; P12, L1. Further, Picado has testified that he was readily employed within the same industry subsequent to his termination from C&R. Picado deposition P12, L2-13. Picado has also conceded to receiving social security

payments, which further supplement the income he regularly receives after being terminated from C&R. Picado deposition P66, L9-25.

Next, Lariosa has also admitted to earning income from a subsequent employment shortly after his termination from C&R. Lariosa deposition P8, L18-25; P9, L1-25; P10, L1-25; P11, L1-6; P14, L9-22. However, Lariosa has nonetheless attempted to support his claim for front wages by citing to an injury he allegedly sustained when performing unauthorized activities at a client's location. The Defendants dispute that this activity took place, or, if it did, that Lariosa was performing the action against his supervisor's instruction and on his own individual capacity not as an employee. Ruiz deposition P43, L1-20. Further, Lariosa has already filed a worker's compensation claim to recover any and all damages related to his injury. Lariosa deposition P36, L5-9.

If such evidence and/or statements were presented before a jury, it would unduly cause the jury to make an award on an improper basis and permit the Plaintiffs to be overcompensated at the detriment of the Defendants. Such evidence and/or statements could lead a jury to award Lariosa additional damages for this alleged injury when he already has an existing worker's compensation claim to collect on the same, and is also receiving wages from subsequent employment. As to Picado, it is clear that Picado has not been impacted by his termination, as he has readily found work. Further, his request for front wages is problematic because he was older than sixty-five when he started working for C&R, which could lead a jury to award Picado additional compensation until he reaches a different age.

As such, any evidence and/or statements pertaining to Lariosa being unable to work after his termination from C&R is irrelevant to the present case and would only confuse the jury and cause undue prejudice against the Defendants. The Plaintiffs cannot be permitted the introduce evidence and/or make statements pertaining to an inability to work after their termination from C&R when

11

the Plaintiffs have both readily found employment subsequent to their termination from C&R, and when Lariosa has a pre-existing claim to address his support for his inability to work.

### F. Non-party Rosa Hernandez's Reference to a document containing a 20-hour time limit and 40-hour time limit.

At the deposition of non-party Rosa E. Hernandez, this deponent provided testimony about seeing a document at C&R's corporate office that appeared to be an employment application and designated the maximum hours that the Plaintiffs could work for C&R. Rosa E. Hernandez deposition P9, L2-16; 20-25. There has been no other reference to this document in any other aspect of this case, including, but not limited to, in any testimony from any of the other witnesses in this case.

Following Ms. Hernandez's deposition, the parties conferred over the existence and production of this document. The Defendants searched their office in good faith of finding this document, however, the Defendants have confirmed that such a document does not exist and communicated this with the Plaintiffs. Neither party has discussed this document with the other since this time or included the document in their respective exhibit lists[2].

However, the Defendants anticipate that the Plaintiffs may attempt to introduce evidence and/or mark prejudicial statements about this non-existent document as part of their case. Such evidence and/or statements would only taint the jury, as the jury will expend unnecessary efforts questioning why this document was not produced when in fact it never actually existed.

---

[2] To the best of the Defendants' knowledge this document is not included in the Plaintiffs' Trial Exhibit List as it is not listed as any of the Plaintiffs' Trial Exhibits. However, the Plaintiffs have refused to produce any of their Exhibits identified under a bates-stamp mark PL, and, as such, the Defendants have no way of confirming the substance of the documents with the bates-stamp mark PL. Finally, the Defendants have tentative objected to the Plaintiff's exhibit list since we have not been able to see the exhibits. In the event, that the Defendants are not able to see Plaintiff's exhibits prior to trial, the Defendants herein request that the Plaintiffs be excluding any exhibit list labeled PL or exhibit or documents that the Defendants have not seen yet.

The Plaintiffs will face no prejudice by having any reference to this non-existent document eliminated from the parties' trial. The Plaintiffs have been made aware that the Defendants have no knowledge of these documents and have searched their entire records for the documents to no avail. Further, none of the parties to this case, nor any witness other than Ms. Hernandez, have testified about these documents or even referenced their existence. These non-existent documents are irrelevant to the issues in this case and would not serve to make any fact more or less probably in this case. As such, any evidence and/or statements pertaining to these non-existent documents mentioned in the testimony of non-party Rosa E. Hernandez must be barred from being introduced at trial.

WHEREFORE, the Defendants C&R Pallets Corp, Juana C. Escoto, and Rosa C. Hernandez, respectfully request that this Court enter an order that: i) prevents the Plaintiffs from presenting evidence and/or referring to an hourly rate other than the rates stated on the Plaintiffs' paystubs; ii) preventing the Plaintiffs from making reference to the statement "ungrateful dog" and the humiliations referenced in the Plaintiffs' Second Amended Complaint [DE#34]; iii) preventing the Plaintiffs from presenting evidence of complaining of overtime wages prior to the Plaintiffs' respective commencements of their lawsuit; iv) preventing the Plaintiffs from presenting evidence of the corporate-Defendant C&R's gross sales for any reason; v) preventing the Plaintiffs from presenting evidence referencing emotional damages or injuries, and damages for alleged-humiliation, pain, and suffering; vi) preventing the Plaintiffs from presenting evidence and making statements about a specific, non-existent document that allegedly set forth the Plaintiffs' working hours in non-party Rosa E. Hernandez' deposition; and vii) and from Plaintiff presenting any exhibits, documents or documents labeled PL which have not been given to the Defendants at least

two (2) weeks before trial ( all other objections to Plaintiff's Exhibits remain unless otherwise overruling by the Court) and for any and all other relief that this Court deems proper.

Pursuant to S.D. Fla. L. R. 7.1(a)(3), undersigned counsel certifies that she had attempted to confer with the Plaintiffs' counsel about the foregoing during the process of drafting the parties' pretrial stipulation but was unable to reach an agreement.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served upon all CM/ECF recipients via E-Filing on this 27th day of July 2018.

THE CAMPBELL LAW GROUP, P.A.
Attorneys for Defendants
2000 Ponce De Leon Blvd., Sixth Floor
Coral Gables, Florida 33134
T: (305) 328-9506
F: (305) 675-3973
By: /s/ Regina M. Campbell
Regina M. Campbell, Esq.
Florida Bar No. 74842
Nicholas G. Neville
Florida Bar No. 123893
service@thecampbelllawgroup.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

YERID BENITO LARIOSA, SILVESTRE PICADO,  CASE NO.: 17-23799-CIV-DLG
and all others similary situation
under 29 U.S. C. 216(b),

      Plaintiffs,

v.

C&R PALLETS CORP., JUANA C.
ESCOTO, and ROSA C. HERNANDEZ,

      Defendants.
_____/

**ORDER GRNATING THE DEFENDANTS'**
**MOTION IN *LIMINE* TO EXCLUDE EVIDENCE FROM TRIAL**

This matter came on to be heard regarding the Defendants' Motion in *Limine* to Exclude Evidence from Trial and the Court otherwise being advised in the premises, it is:

ORDERED, ADJUDGED and DECREED that the Defendants' Motion is hereby GRANTED and therefore the Parties shall not during trial introduce any evidence regarding:

A. An hourly rate other than the rates stated on the Plaintiffs' paystubs;

B. Any reference to the statement "ungrateful dog" and the humiliations referenced in the Plaintiffs' Second Amended Complaint [DE#34];

C. Any complaints by the Plaintiffs of overtime wages prior to the Plaintiffs' respective commencements of their lawsuit;

D. The corporate-Defendant C&R's gross sales for any reason;

E. Any reference to and/or argument for emotional damages or injuries, and damages for alleged-humiliation, pain, and suffering.

F.  Statements about a specific, non-existent document that allegedly set forth the Plaintiffs' working hours referenced by non-party Rosa E. Hernandez; and

G.  Plaintiff exhibits, documents or documents labeled PL which have not been given to the Defendants at least two (2) weeks before trial and for any and all other relief that this Court deems proper.

    DONE AND ORDERED in Chambers at Miami, Florida, this _____ day of _____ 2018.

 

                                                                                                             _____
                                                                                                             DONALD L. GRAHAM
                                                                                                             UNITED STATES DISTRICT JUDGE

Copies to: Counsel of Record