UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 17-23799-CIV-DLG

| | |
|---|---|
| YERID BENITO LARIOSA, SILVESTRE PICADO, and all others similarly situated under 29 U.S.C. 216(b), | ) ) ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) ) |
| C&R PALLETS CORP., JUANA C. ESCOTO, ROSA C. HERNANDEZ, | ) ) ) ) |
| Defendants. | ) ) ) |

## PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION IN *LIMINE* TO EXCLUDE EVIDENCE FROM TRIAL [DE94]

**COME NOW** the Plaintiffs, by and through undersigned counsel, pursuant to the Federal Rules of Civil Procedure, and files the above-described Response in Opposition to Defendants' Motion in *Limine* to Exclude Evidence from Trial filed as [DE94], and in support thereof state as follows:

1. Defendants' Motion in Limine, filed as [DE94], fails to comply with Local Rule 7.1(a)(3). Local Rule 7.1(a)(3) requires that parties engage in good faith conferral before the filing of any motion in this district, and when filing said motion the moving counsel shall include a certification above the counsel's signature block detailing his conferral or conferral attempts. Failure to comply with Local Rule 7.1(a)(3) "may be cause for the Court to grant or deny the motion and impose on counsel an appropriate sanction, which may include an order to pay the amount of the reasonable expenses incurred because of the violation, including a reasonable attorney's fee." As Magistrate Judge Goodman has noted, "[s]trict compliance with Local Rule

7.1(a)(3) is very important." *Marler v. U-Store-It Mini Warehouse Co.*, 2011 WL 1430262 at *2 (S.D. Fla. April 14, 2011). The Rule does list a number of motions excluded from the conferral requirement, but a motion in limine is not an excluded motion under Local Rule 7.1(a)(3). A review of the present Motion only shows a certificate of service; no certificate of conferral as required by the Local Rules is included in the present Motion.

2.      Courts in this district have routinely denied motions for failure to include a certificate of conferral as required by Local Rule 7.1(a)(3). See *Karakis v. Gulfstream Park Racing Ass'n, Inc.*, 2008 WL 4938406 at *1 (S.D. Fla. Nov. 18, 2008) (Judge Zloch denied a motion to consolidate where Defendant failed to include a certificate of conferral); *Lauson v. Atlantic Coast Refining, Inc.*, 2010 WL 6104813 at *1 (S.D. Fla. Oct. 25, 2010) (Judge Altonaga denied a motion for leave to amend the complaint where Plaintiff failed to include a certificate of conferral); *Strube v. Tropiland Developers, Inc.*, 2008 WL 1925279 at *1 (S.D. Fla. April 30, 2008) (Judge Zloch denied a motion to compel where Plaintiff failed to include a certificate of conferral); *S.E.C. v. Merkin*, 2012 WL 2504003 at *1, 3 (S.D. Fla. June 27, 2012) (Magistrate Judge Goodman denied a motion to stay depositions where Plaintiff failed to include a certificate of conferral, in addition to other substantive and procedural considerations); *Muzaffarr v. Ross Dress for Less, Inc.*, 941 F.Supp.2d 1373, 1376 (S.D. Fla. April 25, 2013) (Magistrate Judge Snow noted that Defendant's failure to include a certificate of conferral in its motion for limited reconsideration was itself grounds for denial in addition to the motion's other procedural failings); *Klima v. Carnival Corp.*, 2009 WL 1066969 at *2 (S.D. Fla. April 21, 2009) (Magistrate Judge Simonton denied Defendant's emergency motion for a protective order on the grounds that Defendant failed to include a "certificate of consultation"); *Board of Trustees of Intern. Longshoremen's Ass'n v. Eller Maritime Services, LLC*, 2009 WL 3584264 at *2 (S.D.

Fla. Oct. 28, 2009) (Judge Cooke denied Defendant's motion for rehearing, noting that failure to include a certificate of conferral "standing alone, suppl[ies] adequate grounds to deny the motion."). Defendants completely omits such a certificate from their Motion in Limine [DE94], which is a transmogrified Response and/or Motion and same is not the type excluded from the requirement. As such, Defendants' Motion in Limine, filed as [DE94],  should be denied for failure to comply with Local Rule 7.1(a)(3).

3.      Defendants' Motion [DE94] should also be denied as set forth below. In the alternative, Plaintiffs respectfully request the Court decide admissibility of this evidence if and when the Parties seek to introduce it at Trial.

<u>**MEMORANDUM OF LAW AND ARGUMENT**</u>

Courts have the inherent ability to "to manage the course of [their] trials," including the granting of motions in limine when appropriate. *Luce v. United States*, 469 U.S. 38, 41 (1984). The purpose of a motion in limine is "to give the trial judge notice of a movant's position so as to avoid the introduction of damaging evidence, which may irretrievably affect the fairness of a trial." E.g., *Fagundez v. Louisville Ladder, Inc.*, 2012 WL 253214, at *1 (S.D. Fla. Jan. 26, 2012).

**A.**      <u>**Prevent the Plaintiffs from presenting evidence or referring to an hourly rate other than the rates stated on the Plaintiffs' paystubs.**</u>

Defendants argue that the Plaintiffs are limited to discuss the hourly rates only of rates on Plaintiffs' paystubs. Defendants' Motion is an improper attempt to preclude Plaintiffs from laying a proper foundation at trial of all the evidence collected throughout the case.

In limine motions should be used to preclude clearly irrelevant or unfairly prejudicial evidence, particularly where it will be impossible to "unring the bell." *Ruben Gonzalez, and William Ryan, Plaintiffs, v. Akal Security, Inc.*, 2009 WL 4969039 (M.D.Fla.). Furthermore

limine motions are not intended to make pre-trial ruling on whether a document can be authenticated or whether proper foundation can be laid for the admission of a document at trial.

This evidence and testimony would be relevant to issues regarding Defendants' failure to maintain accurate time records as required by the employer under the FLSA. This is directly relevant to Defendants' contentions that Plaintiffs were paid for all hours worked as required by the act. *See Anderson v. Mt. Clemens Pottery Co.,* 328 U.S. 680, 687 (1946); *See also* 29 CFR 516.2 (specific records must be kept per the CFR). This goes directly to issues related to the business policies and conduct with regards to maintaining records (i.e. time records, records of employment, etc.). In the case at bar, said evidence and testimony should **not** be excluded as said testimony would be introduced, if at all, as evidence of the material fact that Defendants failed to maintain accurate time records to create the allusion of Defendants entire workforce being paid properly and Defendants having not paid properly under the FLSA. Further, the Court also "may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. Any potential probative value is not substantially outweighed by the danger of unfair prejudice and confusion of the issues in this FLSA matter as contemplated by Rule 403. This is also relevant to the fact that other employees had knowledge regarding Defendants conduct and work policies and will assist in the focus of the merits of the case and benefit the jury's role in this matter which are also relevant to issue related to Defendants recklessly or willfully violated the wage laws.

Plaintiffs will need to provide all evidence relevant to the differing pay rates of the Plaintiffs in order to provide the courts with a more clear picture of their employment terms. Limiting the Plaintiffs from discussing this evidence is unfounded.

Plaintiffs request that all paystubs be allowed into evidence. Alternatively, Plaintiffs respectfully request the Court decide admissibility of this evidence if and when the Parties seek to introduce it at Trial.

**B.      Prevent the Plaintiffs from making reference to the statement "ungrateful dog" and the humiliations referenced in the Plaintiffs' Second Amended Complaint [DE#34]**

These statements, which Defendants seek to exclude are highly relevant to the Plaintiffs claims. In particular, they are relevant to the retaliation claim and the mistreatment of the Plaintiffs after the filing of the overtime lawsuits. While Defendants claim these statements are fabricated, this is a decision for a jury to determine.

This court has the power to exclude evidence *in limine* only when evidence is clearly inadmissible on all potential grounds. *Cf. Luce v. United States*, 469 U.S. 38, 41 n. 4, 105 S.Ct. 460. 463 n. 4. 83 L.Ed.2d 443 (1984) (federal district courts have authority to make *in limine* rulings pursuant to their authority to manage trials). Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context.

Therefore, Plaintiffs request that any evidence and testimony relating to the derogatory statements should be entitled to explore these issues at Trial. Alternatively, Plaintiffs respectfully request the Court decide admissibility of this evidence if and when the Parties seek to introduce it at Trial.

**C.      Prevent the Plaintiffs from presenting evidence of complaining of unpaid overtime wages prior to the Plaintiffs' respective commencements of their lawsuit.**

Evidence and testimony regarding complaints relating to unpaid overtime is relevant and important to the issue of good faith and willfulness. In addition, co-worker, Pedro Ruiz within

his deposition testimony recalled one of the Plaintiffs complaining about hours worked. Therefore, Defendants claims that the Plaintiffs never complained about their unpaid overtime wages is completely unfounded.

Further, Plaintiffs need to show Defendants recklessly or willfully violated the overtime laws or his claims could be reduced from the three year limitations period afforded by the FLSA to two years (the Florida Constitution is five years for overtime and minimum wage violations if willfulness is shown, otherwise only to four years). Moreover, as set forth below imposition of liquidated doubling of the wage damages requires Defendants to demonstrate they acted in good faith.   As to willfulness, s*ee Davila v. Menendez*, 717 F.3d 1179, 1181 (11th Cir. 2013)(If the jury had found that the Menendezes willfully violated the minimum wage laws, the time for which Davila could have recovered unpaid wages would have been extended from four years to five years. *See* Fla. Const. Art. 10, § 24(e)).

As to good faith, such testimony at trial will assist the jury in understanding Defendants' continued practice of FLSA violations and failure to take affirmative steps to ensure wage and hour compliance. Pursuant to the Eleventh Circuit ruling in  *Alvarez Perez v. Sanford-Orlando Kennel Club, Inc.,* 515 F.3d 1150 (11th Cir. 2008), when a jury finds that defendants acted willfully the Court has no discretion to find that such defendants acted in good faith (in which case liquidated damages would necessarily be imposed).  While it is true that liquidated damages are decided by the Court post-trial if the Plaintiffs prevail, the Court should also hear the testimony so that any ruling on liquidated damages is based on all the evidence concerning whether the Defendants acted in good faith.  However, as set forth below, willfulness is decided by the jury.

Thus, unless Plaintiffs establish willfulness, they can only seek (2) years worth of overtime damages regarding their wage claims under the FLSA (calculated from the date the Complaint was filed and/or the date the Plaintiff was added to the instant lawsuit). *See, Davila supra.* As the Court stated in *Morrison v. Quality Transps. Servs*., 474 F. Supp. 2d 1303 (S.D. Fla. 2007),   "[t]he issue of willfulness under § 255(a) is a question of fact for the jury not appropriate for summary disposition. *Soto v. Mclean*, 20 F. Supp. 2d 901, 913 (*citing Fowler v. Land Mgmt. Group, Inc.,* 978 F.2d 158, 162-63 (4th Cir. 1992) (holding in the context of § 255(a), "there is no reason issues of willfulness should be treated any different from other factual determinations relating to application of a statute of limitations that are routinely submitted to the jury."); *see also Pabst v. Oklahoma Gas & Elec. Co*., 228 F.3d 1128, 1135 (10th Cir. 2000); *McGuire v. Hillsborough County*, 2007 U.S. Dist. LEXIS 3220, 2007 WL 141129,  (M.D. Fla. Jan. 17, 2007) ("whether a defendant committed a willful violation is a jury question"); *Colon v. Wyeth Pharms. Co*., 363 F. Supp. 2d 24, 29-30 (D.P.R. 2005).  The Court "may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence" Fed. R. Evid. R.403. However, herein any potential probative value is not substantially outweighed by the danger of unfair prejudice and confusion of the issues in this FLSA matter as contemplated by Rule 403.

Consequently, given that willfulness requires a jury determinationt, the Court should not permit mention of any complaints Plaintiffs made regarding their overtime hours worked. Alternatively, Plaintiffs respectfully request the Court decide admissibility of this evidence if and when the Parties seek to introduce it at Trial.

**D.**    **Prevents the Plaintiffs from presenting evidence of the corporate-Defendant C&R's gross sales for any reason**

Defendants' financial condition and certain references to the Parties (i.e. by relying on Defendant's financial/tax information, etc.) is germane in any type of FLSA wage and hour case. While Defendants are not contesting FLSA coverage/subject-matter jurisdiction, evidence regarding Defendants' gross annual income may be introduced for the relevant years for other relevant issues in this case. Said financial information is relevant to the volume of business to support the hours Plaintiffs are claiming in overtime, particularly those hours Plaintiffs worked for Defendants. Where the employer, as in the case at bar, has failed to keep accurate or adequate records, the law should not deny recovery on the grounds that the employee is unable to prove the precise extend of uncompensated work. *See Anderson v. Mt. Clemons Pottery Co.,* 328 U.S. 680, 688 (1946). Evidence regarding the volume of business, based on Defendants' financial resources or disparity in resources is relevant to establish for the Jury the volume of business in relation to the wages paid to Plaintiffs, which would support Plaintiffs' overtime claims to the extent Plaintiffs were involved (based on the volume of business done an inference can be made as to the amount of hours Plaintiffs and other employees were required to work for Defendants) and it creates an inference of hours Plaintiffs worked in relation to the corporations' business done. Said information can also be used to impeach the Defendants at Trial. Further, Defendants should not be entitled to present to the Jury that they are a small mom-and-pop business and that the Jury should empathize with Defendants for same. The FLSA has a specific monetary threshold requirement to be a covered enterprise and Plaintiffs should be able to present to the Jury that Defendants had a viable company that was running with multiple employees and conducting business on a large scale.

Therefore, Defendants request that any evidence and testimony relating to Defendants' gross sales should be denied should be denied and allowed to be explored at Trial. Alternatively,

Plaintiffs respectfully request the Court decide admissibility of this evidence if and when the Parties seek to introduce it at Trial.

**E.**  **Prevent the Plaintiffs from presenting evidence of the Plaintiffs' inability to earn income after their respective terminations from C&R Pallets Corp.**

Plaintiffs' inability to earn income after their terminations most certainly is relevant to the case at hand as it relates directly to the front and back wages alleged within their respective retaliation claims. This information goes directly to the damages incurred by the Plaintiffs such as damages for emotional distress, humiliation, and pain and suffering along with front and back wages.

In fact, exclusion of this evidence would greatly prejudice the Plaintiffs as it directly relates to the Plaintiffs' earning power. *Christopher CAPODANNO and Jill Capodanno, Plaintiffs, v. PREMIER TRANSPORTATION & WAREHOUSING, INC. and Liberty Mutual Insurance Company, Defendants.*, 2011 WL 1186917 (S.D.Fla.)

Defendants argue that Plaintiffs should be precluded from presenting evidence regarding Plaintiffs' inability to earn income. This argument does not justify preclusion of this evidence. It should be presented during the trial and if the judge determines that it is not for the jury to decide, then this option will not be presented in the jury instructions, nor the verdict form and the court can make the determination at the appropriate time regarding front and back pay. *Kurtis BEACH, Plaintiff, v. J.P. MORGAN CHASE & CO.*,, 2016 WL 9049737 (S.D.Fla.)

**F.**  **Prevents the Plaintiffs from presenting evidence and making statements about a specific, non-existent document that allegedly set forth the Plaintiffs' working hours OR Non-party Rosa Hernandez's Reference to a document containing a 20-hour time limit and 40-hour time limit**

This allegedly non-existent document would certainly be relevant to Plaintiffs' claims. This Document could possibly relate to the number of hours worked by the Plaintiffs. In

addition, this document could go to willfulness as dicussed above. A document that relates directly to the amount of hours worked is clearly relevant and should not be excluded from evidence.

Therefore, Defendants request that any evidence and testimony relating to Defendants' gross sales should be denied and Plaintiffs should be entitled to explore these issues at Trial. Alternatively, Plaintiffs respectfully requests the Court decide admissibility of this evidence if and when the Parties seek to introduce it at Trial.

WHEREFORE PLAINTIFFS REQUEST THE COURT DENY DEFENDANTS' MOTION [DE94] IN ITS ENTIRETY. IN THE ALTERNATIVE, PLAINTIFFS RESPECTFULLY REQUEST THE COURT DECIDE ADMISSIBILITY OF THIS EVIDENCE IF AND WHEN THE PARTIES SEEK TO INTRODUCE IT AT TRIAL.

**Respectfully submitted,**

**NATALIE STAROSCHAK, ESQ.**
**J.H. ZIDELL, P.A.**
**ATTORNEY FOR PLAINTIFFS**
**300 71ST STREET, #605**
**MIAMI BEACH, FL 33141**
**PH: 305-865-6766**
**FAX: 305-865-7167**
**EMAIL:NSTAR.ZIDELLPA@GMAIL.COM**
**F.B.N. 116745**
**BY:____/s/ Natalie Staroschak____**
**NATALIE STAROSCHAK, ESQ.**

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY THAT A TRUE AND CORRECT COPY OF THE FOREGOING WAS SENT SUBSEQUENT TO E-FILING VIA SAME ON 8/3/18 TO:

ALL CM/ECF RECIPIENTS

REGINA M. CAMPBELL
THE CAMPBELL LAW GROUP PA
2000 PONCE DE LEON DRIVE
6TH FLOOR
CORAL GABLES, FL 33134
PH: 305-328-3506
FAX: 305-675-3973
SERVICE@THECAMPBELLLAWGROUP.COM


BY:___/s/___Natalie Staroschak_____
    NATALIE STAROSCHAK, ESQ.