UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF FLORIDA

YERID BENITO LARIOSA, SILVESTRE PICADO,      CASE NO.: 17-23799-CIV-DLG
and all others similary situation
under 29 U.S. C. 216(b),

    Plaintiffs,     **DEFENDANTS' RESPONSE IN OPPOSITION TO THE PLAINTIFFS' OMNIBUS MOTION IN *LIMINE***

v.

C&R PALLETS CORP., JUANA C.
ESCOTO, and ROSA C. HERNANDEZ,

    Defendants.
_____/

The Defendants, C&R PALLETS CORP. ("C&R"), JUANA C. ESCOTO ("Escoto"), and ROSA C. HERNANDEZ ("Hernandez") (hereinafter collectively the "Defendants") hereby file this response in opposition to the Plaintiffs, YERID BENITO LARIOSA ("Lariosa") and SILVESTRE PICADO's ("Picado") omnibus motion in *limine* [DE#93] ("Plaintiffs' Motion") and state the following in support thereof:

**I.    Memorandum of Law.**

"The Court has broad discretion to determine the admissibility of evidence." *Santiago v. Sanders*, 2015 WL 12860500, at *1 (S.D. Fla. Apr. 16, 2015) (citing *United States v. McLean*, 138 F.3d 1398, 1403 (11th Cir. 1998)). The purpose of a motion is *limine* is to notify a trial judge of a movant's position "so as to avoid damaging evidence, which may irretrievably affect the fairness of the trial." *Reyes v. Goya Foods, Inc.*, 2013 WL 12133927, at *2 (S.D. Fla. 2013) (citing *Stewart v. Hooters of Am., Inc.*, 2007 WL 1752873, at *1 (M.D. Fla. June 18, 2007).

"Relevant evidence" is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probably than it would be without the evidence." *Haught v. U.S. Eng'g Contractors Corp.*, 2009 WL 36591, at *1 (S.D. Fla. Jan. 6, 2009) (*citing to* Fed.R.Evid. 401). Relevant evidence is inadmissible under a motion

1

in *limine* only if the evidence is clearly inadmissible for any purpose. *Stewart v. Hoosters of America, Inc.*, 2007 WL 1752873, at *1 (M.D. Fla. 2007) (citing *Hawthorne Partners v. AT & T Technologies*, 831 F.Supp 1398, 1401 (N.D. Ill. 1993)). "If evidence is not clearly inadmissible, evidentiary rulings must be deferred until trial to allow questions of foundation, relevancy, and prejudice to be resolved in context." *Id.*

### A. Impeachment Evidence and Witness Credibility.

Evidence relevant to the weight or credibility of a witness is always relevant. *Reyes* at *2; (reiterating that "[c]redibility is always relevant" and that testimony regarding a plaintiff's previous litigation history and how he came to retain his counsel is impeachment evidence and not to be excluded.) (citing Fed R. Evid. 611(b)) ("scope of "cross-examination should be limited to the subject matter of the direct examination and *matters affecting the credibility of the witness.*"") [emphasis in original].

In the present case, much of the evidence that the Plaintiffs seek to exclude through their Motion is impeachment evidence and is likely to be introduced as to affect the credibility of the witnesses at trial, namely the Plaintiffs. How the Plaintiffs came to retain their counsel, income that the Plaintiffs regularly receive since their termination, Plaintiff Lariosa's worker's compensation claim, and the timing of the Plaintiffs' respective complaints are all impeachment evidence and cannot be excluded. *Reyes*, at *2. Further, the Plaintiffs have not cited to any basis in law to exclude such evidence other than generally alleging that the evidence's probative value would be outweighed by the danger of causing an unfair prejudice to the jury.

Therefore, the Plaintiffs' Motion must be denied to the extent it seeks to exclude any evidence for impeachment purposes and/or otherwise evidence that affects the credibility of the witness.

**B.  Argument that Plaintiffs never complained about overtime before their termination.**

The Plaintiffs move to exclude any questioning of Plaintiffs or comments to the jury that the Plaintiffs have failed to complain of their overtime shifts. The Plaintiffs support their in *limine* motion by claiming that such questioning and/or comments must be excluded because they are "contrary to the law." *See*, section G of Plaintiffs' Motion [DE#93].

However, the Plaintiffs notably fail to cite to any body of law that supports their request to bar the Defendants from the evidence, questions, and/or comments they seek to exclude. The Plaintiffs solely cite to FLSA case law that states that an employee's FLSA rights "cannot be abridged by contract or otherwise waived by an employee." *See*, section G of Plaintiffs' Motion [DE#93].

The Plaintiffs' Motion also overlooks the relevancy of Plaintiffs' alleged-complaints to the Plaintiffs' retaliatory actions in this case and the Defendants' defenses thereto. In fact, the first element of an FLSA-retaliatory action is showing that the plaintiff-employee "engaged in activity protected under the act." *Wolf v. Coca-Cola Company*, 200 F.3d 1338, 1342-43 (11th Cir. 2000). This element has remained in dispute for the entirety of this case, as the Defendants have continuously denied the Plaintiffs' allegations of complaining about an FLSA violation at their employer's place of work and/or to any fellow C&R employee, supervisor, officer, and/or owner. The Defendants must be permitted to introduce the support for their defense that the Plaintiffs failed to meet this element.

The Defendants denied that the Plaintiffs made any complaint of any FLSA violation to the Defendants except through the sole method of filing this lawsuit, and have moved in *limine* to exclude any evidence and/or reference at trial of the Plaintiffs complaining of unpaid overtime wages prior to each Plaintiffs' respective filing of their lawsuits. [DE#94]. Further, the discovery in this case supports the Defendants' affirmative defense that the Plaintiffs never complained of unpaid overtime wages prior to the time they respectively filed their lawsuits in this case.

The Plaintiffs will face no prejudice if the Defendants are not barred from questioning the Plaintiffs and/or making comments about the Plaintiffs' failure to complain about unpaid overtime wages. Much of the evidence related to this topic are the Plaintiffs' own admissions that demonstrate that neither Plaintiff could identify any complaints that they allegedly-made. Lariosa deposition P100, L21-25; P101, L1-25; P102, L1-24; P104, L7-18; Picado deposition P80, L23-25; P81, L1-25; P82, L1-25; P83, L1-12.

If the Defendants are prohibited from questioning the Plaintiffs and/or making comments about the Plaintiffs' failure to complain about unpaid overtime wages as the Plaintiffs have requested, the Defendants will be unduly prejudiced in this case, as the Defendants will be prohibited from presenting affirmative defenses before the jury that are supported by the evidence in this case. As such, the Plaintiffs' Motion must be denied and this Court should decline to exclude evidence and argument as to the Plaintiffs' complaints of unpaid overtime as described in Plaintiffs' Motion.

**C.  Exemptions applicable to this case.**

The Plaintiffs have moved in *limine* to exclude all references at trial to any unnamed exemptions within the Defendants Answer and Affirmative Defenses to the Plaintiffs' Second Amended Complaint. [DE#38]. The Defendants have reserved the right to assert additional defenses based on the discovery of additional evidence discovered in this case.

While the discovery in this case has led the parties to reach agreements to exclude the administrative and executive exemptions under the FLSA, the discovery has also made it clear that the Motor Carriers Act Exemption applies to this case and bars the Plaintiffs' recovery in this action. As such, and for the reasons herein, the Plaintiffs' Motion must be denied to the extent it seeks to exclude the Motor Carriers Act ("MCA") exemption.

The Motor Carries Act exemption applies to employees who are: "(1) employed by a motor carrier as defined by the MCA; and (2) whose activities directly affect the safety of operations of

4

such motor vehicles engaged in interstate commerce." *Tomlin v. JCS Enterprises, Inc.*, 13 F.Supp.3d 1330, 1336 (N.D. Ga. 2014); 29 C.F.R. § 782.2(a). The term "motor carrier" is defined under 49 U.S.C. § 13102(14) as "a person providing motor vehicle transportation for compensation." Under the MCA exemption, the Plaintiffs are exempt from payment of overtime wages. *Alvarado v. I.G.W.T. Delivery Systems, Inc.*, 410 F.Supp.2d 1272, 1275 (S.D. Fla. 2006).

The Plaintiffs themselves need not travel from across state lines to find that interstate commerce under the MCA and FLSA apply when the transportation of property forms a part of a practical continuity of movement across state lines from the point of origin to the point of destination. *Alvarado*, at 1277; *see also* 29 C.F.R. § 782.7(b)(1). Further, deliver truck drivers are considered to directly affect the "'safety of operation' within the meaning of section 204 of the Motor Carrier Act whenever the driver operates a motor vehicle in interstate commerce within the meaning of that act." 29 C.F.R. § 782.3(b) *Id.* at 1277-78 (citing *Levinson v. Spector Motor Service*, 330 U.S. 649 (1947)).

In this case it is clear that the MCA exemption applies to this case and serves to preclude the Plaintiffs' recovery. Discovery has shown that Defendant C&R Pallets Corp. provides motor vehicle transportation of pallets to and from its Oakland Park facility for compensation. The Plaintiffs, by their own description of their employment duties, concede this point. See ¶ 10, 11 of Plaintiffs' Second Amended Complaint [DE#34]. Therefore, the first element required by the motor carrier exemption is met by C&R Pallets Corp.

Discovery has shown that the Plaintiffs were engaged in activity directly affecting the safety of operation of motor vehicles in interstate commerce. While the Plaintiffs solely traveled intrastate to complete their deliveries, their transportation of pallets to various manufacturers, commercial facilities, and production-plants form a part of a practical continuity of movement

5

across state lines from the point of origin to the point of destination. Lariosa deposition P97, L15-16; Picado deposition P74, L10-17. Further, as deliver truck drivers, the Plaintiffs' activities are considered to directly affect the safety of operation of motor vehicles in interstate commerce. 29 C.F.R. § 782.3(b); *See also, Alvarado* at 1277.

As such, it is clear that the MCA exemption not only applies to the instant case but serves to bar the Plaintiffs' recovery. If the MCA exemption is entirely excluded at the parties' trial the Defendants would undoubtedly face prejudice. The Defendants would be unable to present evidence and make arguments in support of this defense. If this defense is excluded from trial, the Plaintiffs would stand to recover damages that they would not be entitled to.

Further, no prejudice to the Plaintiffs will arise if the MCA exemption is not excluded from trial. The Plaintiffs have had access to the same evidence that supports the MCA exemption and its application in this case and have been made aware of the exemption and the Defendants' reservation to assert defenses based on discovery well-prior to the parties' trial.  Therefore, this Court should deny the Plaintiffs' Motion and decline to exclude the exemptions that apply to this case, namely the Motor Carriers Act Exemption.

**D.  Lariosa's Worker's Compensation Case.**

In the course of discovery, an alleged-physical injury to Plaintiff Lariosa's shoulder has became a topic of importance that has a significant impact on the Plaintiffs' FLSA claims and the Defendant's affirmative defenses. Lariosa has alleged in the course of discovery that his unpaid overtime was accrued by performing physical activities at the delivery locations of C&R's clients, and, at some point during these activities, Lariosa injured his shoulder.

The Defendants dispute this claim on several grounds, *see*, *e.g.* Defendants' Answer and Affirmative Defense to the Plaintiffs' Second Amended Complaint [DE#38], and have also defended against Lariosa's retaliatory claim on the grounds that Lariosa's poor work performance

6

and absence from his employment as a result of the injury was a possible ground for a reduction in his hours instead of the "retaliation" alleged by Lariosa.

The Plaintiffs in their Motion seek to exclude any reference to Lariosa's worker's compensation case. However, the Plaintiffs fail to identify with any reasonable particularity the evidence that they believe is inadmissible. While the Plaintiffs' "wherefore" clause requests that the Court exclude any reference to Lariosa's worker's compensation lawsuit against the Defendants, there remains evidence relating to Lariosa's injury that gave rise to the worker's compensation claim that is relevant to this case and cannot be excluded.

Further, Lariosa has testified to attending several doctors, lawyers, and physical therapist appointments during his workdays with C&R, as well as suffering physical limitations from his injury, both of which directly impact the hours he could have worked in those respective weeks, which is in dispute. Lariosa deposition P94, L4-25; P95, L1-11; P98, L4-25; P99 L1.  These appointments took place in the weeks that the Lariosa alleges his hours were reduced. *See*, *generally*, ¶ 23 of Plaintiffs' Second Amended Complaint [DE#34].

Prior rulings in this case have already found that evidence pertaining to the injury giving rise to Lariosa's worker's compensation claim is relevant to both the Plaintiffs' claims and the Defendants' affirmative defenses. *See*, *generally*, the June 8, 2018, Order on Discovery Dispute [DE#73].

Also, in the Plaintiffs' Motion, the Plaintiffs reference as exhibits previous motions this court has granted in support of their position. However, the Plaintiffs failed to attach any exhibits to their motion and the Defendants are therefore unable to assess and respond to such allegations. As such, the Plaintiffs Motion must be denied to the extent it seeks the Court to exclude any evidence related to Lariosa's worker's compensation claim and the shoulder injury giving rise to the claims.

### E.  Any Reference to Collateral Attacks on Credibility.

The Plaintiffs seek to exclude any collateral attacks on credibility with a particular focus on government assistance received by and/or applied by the Plaintiffs or a family member thereof, namely social security benefits. However, the Plaintiffs fail to set forth any grounds to excluding this evidence other than generally alleging that such evidence is unrelated to the number of hours worked by the Plaintiffs and that such evidence's probative value is outweighed by "the danger of unfair prejudice." *See*, Section C. of Plaintiffs' Motion.

The Plaintiffs' argument overlooks the retaliatory actions filed by the Plaintiffs in which they each make a demand for double wages from the time the Plaintiffs were respectively terminated from their employment with C&R. *See, generally*, Counts II and III in Plaintiffs' Second Amended Complaint [DE#34].

Further, Plaintiff Picado's receipt of social security benefits supports the Defendants' defense that Picado never worked more than forty (40) hours in any workweek because Picado told the Defendants that he was retired and was limited with the hours he could be scheduled. The Defendants have testified that Picado told C&R at his interview that he could not work more than twenty (20) hours in any week because he was retired. Ruiz deposition P11, L 12-25; P12, L1-8; Escoto deposition P22, L 17-25; P23, L1-14; Hernandez deposition P8, L17-18. As such, the Defendants paid extra attention to Picado's work schedule and ensured that he never worked more than twenty (20) hours in any week to comply with Picado's condition.

If the Defendants are prevented from introducing evidence as to Picado's receipt of social security benefits, they will be unable to present evidence that supports their defense against Picado's FLSA claims. Such evidence is instrumental in proving that Picado never worked hours that could be considered overtime in any week of his employment with C&R, and, as a

consequence thereof, never complained about unpaid overtime because it was clear that he never worked over forty (40) hours in any week.

Further, as set forth above in Section A. herein, evidence used for the purpose of affecting a witness' credibility and/or to impeach a witness should not be excluded, as a witness' credibility is always of relevancy. The Plaintiffs have also failed to set forth with any reasonable detail which specific items of evidence should be excluded and/or why the evidence they are seeking to exclude would confuse, inflame, mislead, or otherwise taint a jury.

Also, in the Plaintiffs' Motion, the Plaintiffs reference as exhibits previous motions this court has granted in support of their position. However, the Plaintiffs failed to attach any exhibits to their motion and the Defendants are therefore unable to assess and respond to such allegations.

As such, the Plaintiffs' Motion should be denied and this Court should decline to exclude evidence related to the Plaintiffs' receipt of income, including, but not limited to, income from government assistance programs such as social security payments. Notwithstanding, the Defendants do not anticipate any evidence as to government assistance from family members of the Plaintiffs to be of issue, and are unsure as to why the Plaintiffs included that aspect of their in *limine* request into their Motion.

**F.  Reference to Plaintiffs' Retention of their Counsel's Law Firm.**

The Plaintiffs seek to exclude any reference at trial as to Plaintiffs' counsel's representation of the Plaintiffs, such as how the Plaintiff obtained the representation, and their fee/retainer agreement. The Plaintiffs support their request by generally alleging that the evidence's probative value is outweighed by its potential prejudice and not of the jury's concern.

While mention of a plaintiff's representation and history of previous suits are generally disfavored in an FLSA action, in the instant action the evidence and/or reference of the representation is relevant to for purposes of assessing the Plaintiffs' knowledge of their rights

9

under the FLSA and how to protect those rights. *Bui v. Minority Mobile Sys., Inc.*, 2016 WL 6518804, at *1 (S.D. Fla. 2016). Such relevance is of particular importance in this case because the discovery has shown that it is unclear whether the Plaintiffs actually engaged in a protected activity prior to filing their respective lawsuits. The determination of whether the Plaintiffs engaged in this activity is critical to resolving the Plaintiffs' retaliatory action.

If the Defendants are excluded from presenting this evidence, then the Defendants will face prejudice by being unable to adequately defend against the Plaintiffs' retaliatory claims. Further, the Defendants would be unable to assess the Plaintiffs' credibility with respect to their allegations of making a complaint for unpaid wages. As such, the Plaintiffs' Motion should be denied and this Court should permit evidence and/or references of the Plaintiffs' retention of their counsel at trial.

**G. Reference to Attorney's Fees, Costs, and Liquidated Damages.**

The Plaintiffs seek to exclude any reference at trial as to attorney's fees, costs, and liquidated damages. The Plaintiffs argument is that issues of attorney's fees, costs, and liquidated damages would be determined by the Court post-trial and would confuse the jury if presented at trial.

The Defendants do not anticipate presenting evidence about the attorney's fees, costs, and liquidated damages at trial, but, however, may have to present evidence about the those topics if the Plaintiffs introduce them during either of their respective testimonies and/or otherwise for impeachment purposes or for assessing the Plaintiffs' credibility, and reserve the right to introduce such evidence for those purposes. As such, the Defendants request that any ruling on excluding reference at trial to attorney's fees, costs, and/or liquidated damages take into consideration the potential purpose of introducing such evidence to impeach a witness and/or to assess the credibility of either of the Plaintiffs.

WHEREFORE, the Defendants C&R Pallets Corp, Juana C. Escoto, and Rosa C. Hernandez, request that this Court enter an order that denies the Plaintiffs' Omnibus Motion in *limine* in full.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served upon all CM/ECF recipients via E-Filing on this 3rd day of August 2018.

> THE CAMPBELL LAW GROUP, P.A.
> Attorneys for Defendants
> 2000 Ponce De Leon Blvd., Sixth Floor
> Coral Gables, Florida 33134
> T: (305) 328-9506
> F: (305) 675-3973
> By: /s/ Regina M. Campbell
> Regina M. Campbell, Esq.
> Florida Bar No. 74842
> Nicholas G. Neville
> Florida Bar No. 123893
> service@thecampbelllawgroup.com